### GOAD MOTOR CO. v. YANTIS et al.
#### (No. 7975.)

Court of Civil Appeals of Texas. San Antonio.
March 21, 1928.

Pleading �köm111—On plea of privilege, plaintiff has burden of showing that alleged grounds of venue in county of suit existed in fact.

Where plaintiff asserted venue to be in county of suit upon several grounds that all defendants were necessary parties to suit, that as one of defendants was domiciled in such county, all defendants were suable there, that contract sued on was in writing performable by all defendants in such county, and that breach of contract occurred therein, *held* that on filing of plea of privilege by one of defendants to be sued in county of its domicile, burden rested on plaintiff to affirmatively show that one or more of alleged grounds of venue existed in fact.

Appeal from District Court, Cameron County; A. M. Kent, Judge.

Action by G. R. Yantis against the Goad Motor Company and others, wherein the named defendant filed a plea of privilege to be sued in county of its domicile. From an order denying the plea, named defendant appeals. Reversed, and judgment rendered that venue be changed to county of named defendant's domicile.

See, also, 296 S. W. 990.

Davenport, West & Ransome, of Brownsville, and Wm. H. Russell, of San Antonio, for appellant.

H. B. Galbraith, of Brownsville, for appellees.

SMITH, J. G. R. Yantis brought this action in a district court of Cameron county against the McDermott Motor Company, a Texas corporation domiciled in Cameron county, the Goad Motor Company, a Texas corporation domiciled in Bexar county, the Cadillac Motor Company, a Michigan corporation, and the General Motors Acceptance Corporation, "a corporation with an office at Dallas, Dallas county, Tex." The suit was brought to rescind the sale of an automobile purchased by Yantis from the McDermott corporation, to cancel certain promissory notes executed and delivered by Yantis as part of the consideration of the purchase, and to recover damages of the defendants, it being alleged that the automobile did not measure up to the seller's representations as to its merits. The McDermott Company answered to the merits, but the Goad Company filed and urged a plea of privilege to be sued in Bexar county, conceded by the parties to be the county of its domicile. It does not appear in the record that the remaining defendants, the Cadillac and Acceptance Corporation, were cited or appeared in the case. The Goad Company's plea of privilege was controverted and, upon a hearing, was overruled. This appeal is from the order denying that plea.

Appellee asserted the venue to be in Cameron county upon the several grounds that all the defendants were necessary parties to the suit, and, as the McDermott corporation was domiciled in that county, all defendants were suable there; that the contract in question was in writing, performable by all the defendants in Cameron county; that the breach of the contract, for which the defendants were jointly liable, occurred in that county. The burden rested upon the plaintiff in the action to affirmatively show by evi-

---

�köm For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

dence upon the hearing that one or more of these grounds of venue existed in fact; otherwise appellant was entitled to its privilege to be sued in the county of its domicile.

We have very carefully reviewed the record, and conclude that appellee wholly failed to meet the burden resting upon him to sustain his claim that venue lay in Cameron county. Nothing in the record shows appellant to be a necessary or even proper party to the suit, and every hypothesis upon which venue as to it could be laid in Cameron county was excluded by the hearing upon the plea of privilege. For obvious reasons we refrain from discussing the facts or determining their effect upon the issue of appellant's liability in the case pleaded.

The order overruling appellant's plea of privilege is overruled, and judgment will be here rendered that the venue of this cause as to appellant be changed to Bexar county. Accordingly, the clerk of the district court of Cameron county is ordered to make up a transcript of the proceedings had in this cause, including the pleadings of the parties and all orders and judgments entered therein in said court, and transmit the same to the clerk of the district courts of Bexar county, to be there filed in the district court of the Seventy-Third judicial district of said county, as prayed for by appellant.

Reversed and rendered.