## FORT BEND OIL CO. v. HURLBUT et al.
### No. 9728.

Court of Civil Appeals of Texas. Galveston.
June 17, 1932.

Rehearing Denied July 14, 1932.

Maurice Epstein, of Houston, for appellant.

Woodruff & Holloway, of Brownwood, for appellee S. F. Hurlbut.

PLEASANTS, C. J.

This suit was brought in the district court of the Sixty-First district, Harris county, by appellant against the appellees, the Humble Oil & Refining Company, S. F. Hurlbut, and H. G. Hurlbut, to recover the sum of $11,550 alleged to be due and owing jointly and severally by the defendants to plaintiff.

The appellee S. F. Hurlbut filed and presented a plea of privilege to be sued in Bee county, where he resided. Upon the hearing of this plea in the court below, it was sustained. This appeal is prosecuted from that judgment.

The material allegations of plaintiff's petition, after alleging that defendants Hurlbut reside in Bee county and that the domicile of the Humble Company is in Harris county, are as follows:

"That heretofore, to-wit, on or about the 23rd day of September, 1930, plaintiff and defendant, S. F. Hurlbut, entered into a certain written agreement under and by virtue of which plaintiff rented to the said defendant the use of its drilling rig for the purpose of drilling or deepening a well on the property known as the J. C. Woods Farm in Bee County, Texas, a part of the hereinbefore described lands and premises, in consideration whereof the said defendant promised and agreed to pay plaintiff the sum of One Hundred ($100.00) Dollars for each and every day that said rig remained in the possession of said defendant. That in addition the said defendant promised and agreed to pay plaintiff all costs for labor, fuel, shop, supply and material furnished by plaintiff to the said defendant. That all of the said defendants, hereinabove named, were jointly interested in the operation of said drilling contract, and were co-owners of the hereinafter described land and premises. That in the execution of said contract the said defendant, S. F. Hurlbut, was acting for himself as well as for the said H. G. Hurlbut, and the said Humble Oil and Refining Company, his co-owners of the said hereinafter described land and premises. * * *

"That said rig was used and operated by defendants for the purpose of drilling a well on the hereinafter described property, and that all of the labor, supplies and material were also used in connection with the drilling of said well on that certain tract of land situated in Bee County, Texas, (described in petition). * * *

"That said defendants are joint owners of said land above described, or of an interest therein."

The appellee's plea of privilege was in statutory form and was duly filed and presented. In answer to this plea, appellant filed a controverting affidavit, the material allegations of which are thus correctly set out in appellant's brief:

"(a) That plaintiff's action is founded on a written contract entered into with the said defendant, S. F. Hurlbut, for the use of plaintiff's drilling rig for the purpose of deepening a well theretofore drilled by the plaintiff for said defendants upon a certain tract of land described in plaintiff's original petition.

"(b) That at the time of the execution of said contract defendants were joint owners of said land and all rights in and to said well.

"(c) That prior to the execution of said contract plaintiff had various other dealings with said defendant, S. F. Hurlbut, and had entered into various other contracts with him, and that in each and every instance the said defendant represented that the said Humble Oil and Refining Company was co-owner with him of the lands involved, and the well to be drilled, and in each and every instance the said defendant, Humble Oil and Refining Company, ratified said contracts made by the said S. F. Hurlbut with this plaintiff.

"(d) That at the time of the execution of the contract involved in plaintiff's petition the defendant, S. F. Hurlbut, represented to this plaintiff that his co-defendant, the said Humble Oil and Refining Company, was co-owner of the lands described in plaintiff's pe-

tition, and of the well to be deepened an additional five hundred (500) feet.

"(e) That by reason of the representations made, both prior and subsequent to the execution of the contract sued on, plaintiff at all times understood and believed that in the execution of said contract it was dealing with the said defendants, S. F. Hurlbut and Humble Oil and Refining Company, as partners and parties jointly interested with him in said transaction, and further that the said defendant, S. F. Hurlbut, was acting not only for himself but also for the said Humble Oil and Refining Company.

"(f) That the said co-defendant, Humble Oil and Refining Company, and the said defendant, S. F. Hurlbut, were joint owners of said lands, or the oil lease on said lands referred to in plaintiff's petition, and were jointly interested and engaged in the operation of said lands and oil lease for the production of minerals therefrom, and were engaged in a common and joint enterprise."

In his answer under oath to plaintiff's controverting affidavit, appellee denied that he was ever a partner with the Humble Oil & Refining Company, or with the defendant H. G. Hurlbut, and denied that he was acting for the defendant Humble Oil & Refining Company or H. G. Hurlbut in execution of the contract sued upon, and denied that either the Humble Oil & Refining Company or H. G. Hurlbut were jointly liable with him for the payment of any amount owing to the plaintiff by reason of said contract.

He further alleged that prior to the execution of the contract the Humble Oil & Refining Company notified the plaintiff that it was not interested in deepening the well in question and would not be liable for the payment of any cost or expense incident thereto, and would not be bound upon any contract entered into between the plaintiff and the defendant S. F. Hurlbut for the purpose of deepening said well and that plaintiff knew that Humble Oil & Refining Company was not interested in said contract and would not be liable for the payment of any obligation incurred thereunder; that Humble Oil & Refining Company was not a necessary nor proper party to the suit, but was fraudulently joined for the purpose of depriving the defendant of his privilege to be sued in the county of his residence.

The evidence adduced upon the hearing on the plea shows that this suit is upon a written contract between Fort Bend Oil Company and S. F. Hurlbut, of date September 23, 1930, for the use of a drilling rig for the purpose of deepening a well which had theretofore been drilled. The well had previously been drilled by Fort Bend Oil Company under a contract between it and S. F. Hurlbut. The interest of Humble Oil & Refining Company in the oil and gas lease upon which

the well was drilled is evidenced by a purchase letter from the company to S. F. Hurlbut, of date June 21, 1930, and accepted by Hurlbut, wherein the company agreed to purchase, and Hurlbut agreed to sell, an undivided one-half interest in oil and gas leases covering 1,000 acres to be selected by the purchaser out of a block of 4,400 acres, and an undivided one-half interest in the J. C. Woods lease, upon which the well was drilled; the purchase letter providing that Hurlbut was to drill a well to a depth of 5,000 feet, unless oil or gas in commercial quantities be found at a lesser depth; that the consideration should be payable one-third upon approval of title, and the balance upon the completion of the well.

The appellee testified that the Humble Oil Company had nothing to do with drilling operations on the Woods lease other than to pay the money due appellant under his contract of sale with that company. Under this contract of sale the Humble Oil Company agreed to pay appellee $30,000 for a one-half interest in the oil leases held by appellee upon 4,400 acres of land on the Woods and adjoining surveys in Bee county; one-third of this amount to be paid upon approval by the attorneys for the company of appellee's title, and the balance upon completion of a well on the property to a depth of 5,000 feet, or the production of oil therefrom in commercial quantities at a lesser depth. After this contract was made, appellee entered into a contract with appellant to bore a well on the Woods land in compliance with his contract with the Humble Company.

It seems that no oil was found at the depth of 5,000 feet. Appellee desired to continue this drilling to a further depth, and for this purpose leased from appellant the drilling rig which it had left in the well on the completion of its contract with appellee. He further testified that the Humble Company refused to join him in deepening the well or to pay any of the costs thereof. This suit is to recover the amount agreed to be paid appellant by appellee for the lease of the drilling rig and tools.

■ We think the evidence wholly fails to show any liability of the Humble Oil Company upon the contract sued on.

■ Upon this state of the evidence the trial court correctly held that the plea of privilege should be sustained. It has been uniformly held by our courts that to entitle a plaintiff to maintain suit under subdivision 4, article 1995, Revised Statutes of 1925, against a defendant who does not reside in the county in which the suit is brought, he must allege and prove a joint cause of action against the defendant who resides in another county and a defendant resident of the county in which the suit is brought. Danciger v. Smith (Tex. Civ. App.) 229 S. W. 909;

294

India Tire & Rubber Company v. Murphy (Tex. Civ. App.) 6 S.W.(2d) 141; Richardson v. D. S. Cage Co., 113 Tex. 152, 252 S. W. 747.

The judgment of the trial court should be affirmed, and it has been so ordered.

Affirmed.