## YANTIS et al. v. GILLIAM.
### No. 4043.

Court of Civil Appeals of Texas. Amarillo.
June 7, 1933.

Rehearing Denied July 5, 1933.

H. B. Galbraith, of Brownsville, and De Montel & Fly, of Hondo, for appellants.

L. J. Brucks, of Hondo, for appellee.

MARTIN, Justice.

Appellee filed suit in Medina county against Frank A. Brown and four others, being the appellants herein, alleging, in substance, that the five parties mentioned were engaged in a joint undertaking for the development of oil and gas on lands in Medina county; that Frank A. Brown, alleged to reside in said county, was field manager for said joint venture; that Brown, acting for himself and appellants, hired appellee to work at $6 per day in furtherance of said enterprise; that a balance of $278 was due for such work, for which he prayed judgment.

All parties except Brown filed pleas of privilege. These respective pleas conform to the requirements of the statute. To these a controverting affidavit was filed by appellee, which, in substance and effect, set up that Brown was a necessary party to the suit and was a resident of Medina county and claimed the right of venue in said county under article 1995, subd. 4, Revised Statutes 1925, and the amendment thereof by the 40th Legislature of Texas (see subdivision 29a, art. 1995, Vernon's Ann. Civ. St.). These provisions of the statute authorize suits against all necessary parties to be filed and maintained in any county in which one of such parties resides.

Upon a hearing of the issues made by these respective pleas, the court overruled each of them, which ruling is made the subject of the only assignment necessary to notice on this appeal.

The well-established rule in this state is that, where a plea of privilege is controverted, as here, the burden is upon the plaintiff to establish by competent evidence his right to maintain the suit in the county where brought. Conner v. Manning (Tex. Civ. App.) 54 S.W.(2d) 249.

In this case a joint liability is alleged against Brown, a resident of Medina county, and appellants herein who are admittedly nonresidents thereof. If there existed a joint liability, they were all necessary parties under the meaning of that term as used in the Acts of the 40th Legislature, First Called Session, page 197, c. 72. Commonwealth Bank & Trust Co. v. Heid Brothers (Tex. Com. App.) 52 S.W.(2d) 74.

Under the state of facts presented here, it devolved upon appellee to plead and to prove, at least prima facie, a case of joint liability between Brown and appellants. This because Brown must be shown to be a necessary party. Fort Bend Oil Co. v. Hurlbut (Tex. Civ. App.) 52 S.W.(2d) 292.

Appellee pleaded, but made no attempt to prove, such fact on the hearing of the pleas of privilege. The testimony introduced relates to the residence of Brown in Medina county, and is deemed sufficient on this point. Appellee introduced in evidence his petition against appellants, which makes averments of facts sufficient to sustain venue in Medina county, but mere allegations are not proof. Jones v. Womack-Henning & Rollins, Inc. (Tex. Civ. App.) 53 S.W.(2d) 635, and authorities therein cited.

The judgment is reversed, and the cause remanded, with instructions to enter an order transferring this cause to Cameron county, Tex.

Reversed and remanded, with instructions.

On Motion for Rehearing.

■ It is earnestly insisted by appellee that we should reverse and remand this case without any instructions to transfer same, so as to give him the opportunity of producing evidence in support of the facts alleged in his controverting affidavit.

The facts are sufficiently stated in the original opinion, and under such a state of facts our duty requires us to here render the judgment that the trial court should have rendered. Lewis & Knight v. Florence (Tex. Civ. App.) 217 S. W. 1116; 3 Tex. Jur., page 1244. This we did.

The motion is overruled.