## CAPRITO v. WEAVER et al.

### No. 1350.

Court of Civil Appeals of Texas. Eastland.

Dec. 7, 1934.

Morrison & Morrison and Sullivan & Sullivan, all of Big Spring, and Lyndsay D. Hawkins, of Breckenridge, for appellant.

Thomas & McDonald, of Big Spring, for appellees.

LESLIE, Justice.

The opinion of this court on a former appeal of this case is to be found in 63 S.W.(2d) 1043, 1044. The facts and circumstances involved are substantially the same, and will not be repeated.

This appeal is from the judgment of the trial court overruling Caprito's plea of privilege to be sued in Stephens county, the county of his residence. A controverting affidavit was duly filed, and trial was had before the court and jury. At the conclusion of the testimony, the court submitted the following issue: "Do you find from a preponderance of the evidence that the residence of the defendant, Jack Trantham, from May 30, 1932, to the present time, has been in Howard County, Texas?"

The jury answered this question in the affirmative, and the court rendered judgment on that verdict.

The plaintiffs sued S. Caprito and Jack Trantham in the district court of Howard county for damages alleged to have resulted

from injuries inflicted through the negligence of Trantham, who was alleged to be at the time of the injuries the agent of Caprito and acting within the scope of his employment, etc. Venue as to Caprito is sought to be maintained in Howard county under exception 4 of the general venue statute, article 1995, R. S. 1925, and, for the purposes of venue, that county is alleged to be the residence of Trantham.

■ By various assignments and propositions, the appellant contends that the finding of the jury in response to the sole issue submitted does not establish in Howard county the venue of this suit as against Caprito. We sustain this contention. Although the statute seems to say that the fact of residence of one of the defendants in the county of the suit is sufficient to fix venue as to nonresident defendants, yet by judicial construction the statute has been construed to require that the plaintiff plead and prove very much more in order to draw a nonresident defendant from the county of his residence and force him to meet the issues of the lawsuit in a county other than that of his residence. In other words, the rule is well established by the authorities that, to maintain venue in the county of suit against a nonresident defendant under exception 4 of the general venue statute, the plaintiff has the burden of alleging and proving the bona fide cause of action as against the resident defendant. A failure to discharge this burden at once concludes the inquiry, and the defendant is entitled to the change of venue. Richardson v. D. S. Cage Co., 113 Tex. 152, 252 S. W. 747; Oakland Motor Car Co. v. Jones (Tex. Civ. App.) 29 S.W.(2d) 861; Bryant v. Spear (Tex. Civ. App.) 68 S.W.(2d) 300; Henderson Grain Co. v. Russ, 122 Tex. 620, 64 S.W.(2d) 347; Diversion Lake Club v. Self (Tex. Civ. App.) 71 S.W.(2d) 553; Graves v. Buzbee (Tex. Civ. App.) 45 S.W. (2d) 392; Thompson v. Reed (Tex. Civ. App.) 61 S.W.(2d) 557.

■■ The burden placed upon the plaintiff on this venue issue is in no way met by merely alleging and proving that one of the defendants resides in the county of the suit.

Further, the evidence in this record is not conclusive (1) that Jack Trantham, the resident defendant, was guilty of primary negligence; (2) that such negligence was the proximate cause of the alleged injuries; and (3) that, at the time of the accident and injuries, Trantham was the agent of Caprito and acting within the scope of his employment. As pointed out, the burden of establishing the affirmative of these issues was upon the plaintiff. The court submitted no such issues, and the appellees requested that no such issues be submitted. Hence they were waived. Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.(2d) 1084. When this case formerly reached this court, Caprito was then appealing from an instructed verdict on the venue issues. In the opinion of this court it was said: "There can be no question that Caprito and Trantham were properly joined as defendants in the suit."

Further remarking upon the record then before this court, this language was used: *"It is not claimed that the evidence failed to establish a cause of action against Trantham, the alleged resident defendant.* If, therefore, the evidence established as a matter of law that Trantham resided in Howard county, the peremptory instruction against Caprito was proper, notwithstanding he himself did not reside there. A careful consideration of the evidence bearing upon the question of the residence of Trantham has convinced us that it raised an issue of fact which should have been submitted to the jury." (Italics ours.)

The above-italicized statement is significant and indicates the material difference in the state of the record on the former appeal and what we find it to be on this appeal. The contest presented by this record sharply centers upon the plaintiffs' right to maintain the suit in Howard county by virtue of the cause of action asserted against Trantham, the resident defendant. No question on agency or scope of employment seems to have been raised by Caprito on the former appeal.

This appeal involves the same venue matter as in the former one. The plaintiffs having thus again failed to maintain the venue, it is the order of this court that the judgment of the trial court be reversed for reasons above assigned, and that the cause be transferred to the district court of Stephens county.