### GORDON et al. v. HEMPHILL et al.
### No. 4355.

Court of Civil Appeals of Texas. Amarillo.
Feb. 18, 1935.

Rehearing Denied March 11, 1935.

C. C. Small, of Amarillo, for appellants.

Harry Schultz and B. N. Richards, both of Dalhart, for appellees.

JACKSON, Justice.

The appellees, designating themselves as members of Dalhart Lodge No. 633, Brotherhood of Railroad Trainmen, an unincorporated association, applied to the district court of Dallam county, Tex., to obtain a temporary writ of injunction against the Grand Lodge, Brotherhood of Railroad Trainmen, an Ohio corporation, the Chicago, Rock Island & Pacific Railway Company, an Illinois corporation, the Chicago, Rock Island & Gulf Railway Company, a domestic corporation, and B. K. Gordon, Guy Bennett, H. G. Hamrick, and W. J. Vaught, hereinafter called individual defendants, to restrain them from performing the judgments and decisions of the tribunals of the Grand Lodge, Brotherhood of Railroad Trainmen. A hearing on the application was had and the temporary injunction granted.

On July 20, 1933, the individual defendants, without waiving their plea of privilege theretofore filed, urged a motion to dissolve said injunction, in which motion they were joined by the Grand Lodge. The motion was overruled, an appeal prosecuted to this court, the injunction dissolved, and the cause remanded. Gordon et al. v. Hawkins et al. (Tex. Civ. App.) 66 S.W.(2d) 432, 433.

For the purpose of rendering any injunctive relief obtained, effective against the entire membership of Roswell Lodge No. 608, Brotherhood of Railroad Trainmen, an unincorporated association, alleged to consist of from 150 to 250 members, who were unknown and upon whom it was impossible to secure personal service, the appellees on April 4, 1934, filed their second amended original petition and made said Roswell Lodge No. 608 a party defendant.

Appellees' petition, with the exhibits attached, contains 69 pages, and we deem it unnecessary to state in detail the contents thereof, but refer to the opinion on the former appeal, Gordon et al. v. Hawkins et al.,

supra, which sufficiently discloses the material allegations on which appellees base their cause of action.

Roswell Lodge No. 608 and the individual defendants in due time and in proper form filed their plea of privilege, claiming their residence in, and asking that the cause be transferred to, Potter county.

The appellees filed a controverting affidavit in which, after naming the corporations, Lodge No. 608 and the individual defendants as members of said lodge, stating the capacity in which the defendants are sued, and conceding that Lodge No. 608, Brotherhood of Railroad Trainmen and the individual defendants each have their residence in Potter county, alleged that the suit "is against plural defendants wherein two of said necessary defendants reside and have their domicile and place of business in Dallam County, Texas, and that therefore plaintiffs show that an exception to the statute providing for exclusive venue in the county of one's residence exists in this case, in that more than one of the defendants and necessary parties are resident of and have their domicile in Dallam County, Texas, the county in which this suit is brought, and that the suit is therefore maintainable in Dallam County under the terms of subdivision No. 4 of article 1995, Revised Statutes of the State of Texas for 1925."

From the action of the court overruling appellants' plea of privilege, this appeal is prosecuted.

■ The controverting affidavit does not make the petition a part thereof, and we are confined to the affidavit for allegation showing an exception to the statute which would authorize the court to sustain venue in Dallam county.

"Under our statute an affidavit controverting a plea of privilege is a sworn pleading. Since this affidavit fails to make the petition a part of the same, it must be tested by its own allegations unaided by the petition. Spencer v. Temple Trust Co. (Tex. Civ. App.) 36 S.W.(2d) 602, 603; Spencer v. Presbyterian Board (Tex. Civ. App.) 36 S.W.(2d) 606, 607. When we come to examine the affidavit alone, it is obvious that it utterly fails to allege a cause of action against appellants or any of them in Carson county. Article 2007, R. C. S.; Duffy v. Cole Petroleum Co. et al., 117 Tex. 387, 5 S.W.(2d) 495. In fact, taken alone, the affidavit fails to allege a cause of action against any of these appellants in any

county." Henderson Grain Co. v. Russ, 122 Tex. 620, 64 S.W.(2d) 347, 351.

One of the attorneys for appellees, who had formerly been engaged as a clerk for the railway companies, testified, over the objection of appellants, that the Chicago, Rock Island & Pacific Railway Company was a foreign corporation; that the Chicago, Rock Island & Gulf Railway Company was a domestic corporation, and each had agents, division offices, and operated a line of railroad in Dallam county. The appellees also introduced, over appellants' objection, their petition.

In A. Harris & Co. v. Cook et ux. (Tex. Civ. App.) 62 S.W.(2d) 205, 206, it is said:

"His plea of privilege was prima facie proof of his right to change of venue. Article 2007, R. S.; Duffy v. Cole Pet. Co., 117 Tex. 387, 5 S.W.(2d) 495.

"To defeat such right it was necessary for appellant to controvert the same under oath by plea specifically setting up the facts which would sustain the venue in Dallas county and support the same by proof. Duffy v. Cole Pet. Co., supra; Greenville, etc., Co. v. Commercial, etc., Co., 117 Tex. 124, 298 S. W. 550; Coalson v. Holmes, 111 Tex. [502] 509, 240 S. W. 896.

"The court cannot look beyond that plea for grounds to sustain the venue. Grogan-Cochran Lumber Co. v. McWhorter (Tex. Civ. App.) 4 S.W.(2d) 995; Cook v. Guzman (Tex. Civ. App.) 19 S.W.(2d) 855; Spencer v. Temple Trust Co. (Tex. Civ. App.) 36 S.W. (2d) 602; Lawless v. Tidwell (Tex. Civ. App.) 24 S.W.(2d) 515; Paxton v. First State Bank (Tex. Civ. App.) 42 S.W.(2d) 837."

■ Neither the controverting affidavit nor the petition can be considered as evidence tending to show the existence of an exception to the venue statute. Citizens' State Bank et al. v. Alexander (Tex. Civ. App.) 274 S. W. 184, and authorities cited.; Yantis et al. v. Gilliam et al. (Tex. Civ. App.) 62 S.W.(2d) 173; Fuston et ux. v. Ft. Worth & D. S. P. R. Co. et al. (Tex. Civ. App.) 68 S.W.(2d) 518.

■ The burden was on appellees to show by competent evidence that they came within some exception to the venue statute [Pool et al. v. Joy (Tex. Civ. App.) 61 S.W.(2d) 581], and to prove a prima facie case of joint liability between the nonresident and resident defendants. Yantis et al. v. Gilliam, supra.

■ Appellees in their controverting affidavit failed to allege a cause of action against any defendant, and offered no competent evi-

dence to show a prima facie case against any defendant; therefore, the judgment is reversed, and the court directed to sustain the plea of privilege and transfer the case, so far as appellants may be involved, to the district court of Potter county.