## ALLEN v. BRATTEN–VAN VLECK CO.

### No. 4722.

Court of Civil Appeals of Texas. Amarillo.

Feb. 22, 1937.

R. A. Wilson, of Amarillo, for appellant.

JACKSON, Justice.

The appellee, Bratten-Van Vleck Company, instituted suit in the county court of Ochiltree county against Walter R. Allen and his former wife, Ruby Estelle Allen, to recover the title and possession of a frigidaire.

Appellee alleged that it was a corporation duly and legally incorporated under and by virtue of the laws of the state of Texas with its principal place of business in the city of Fort Worth, Tarrant county, and that Walter R. Allen resides in Ochiltree county and Ruby Estelle Allen resides in Potter county.

Appellee pleads that about the 10th of December, 1931, Willie Richter purchased from P. M. Bratten Company under a conditional sales contract the frigidaire involved in this suit for a consideration of $359. The consideration was paid partly in cash and the balance evidenced by eighteen monthly installments, seventeen of which were in equal amounts of $20 and the eighteenth was for $14; that the contract provided that the title to the frigidaire should not pass to purchaser until the purchase price was fully paid in cash, and upon default in complying with the terms and provisions of such contract the seller or its assignee might take immediate possession of the property; that the payments of the monthly installments are in default, that the only installment that has been paid was due January 20, 1932; that Willie Richter has abandoned the frigidaire and the defendants, Walter R. Allen, and his former wife, Ruby Estelle Allen, and each of them have failed and refused to pay the past-due installments or any part thereof, and the frigidaire is of the reasonable value of $250. Appellee also alleges that it is the successor of the P. M. Bratten Company and as such is the owner of the above indebtedness. That Ruby Estelle Allen is now in possession of the frigidaire, claiming it under an alleged assignment from the said Willie Richter, but under the provisions of the sales contract appellee has the title to machine and is entitled to possession thereof.

Ruby Estelle Allen filed her plea of privilege in due time and in the proper form, urging that she was a resident citizen of Potter county as alleged in appellee's petition and prayed that the cause be transferred to the county of her residence.

The appellee filed its controverting affidavit asserting its right to maintain the suit in Ochiltree county on the allegations, first, that Walter R. Allen, one of the defendants, was a resident citizen of that county; second, that in its petition it al-

lleged its ownership of the sales contract and under the provisions thereof the ownership of the frigidaire; that Ruby Estelle Allen took possession of such machine in Ochiltree county without consent of appellee, and such act constituted a trespass in said county.

The plea of privilege was heard and overruled, and Ruby Estelle Allen, the appellant, prosecutes this appeal.

The appellee's controverting affidavit does not make its petition a part thereof. Independent of such petition, no cause of action is alleged against Walter R. Allen or the appellant, Ruby Estelle Allen. The controverting affidavit fails to allege a sale and purchase of the frigidaire, the amount of consideration, how or when it was to be paid, or that any default had been made in the payment of the consideration or any part thereof. Fenner et al. v. Little (Tex. Civ.App.) 93 S.W.(2d) 783. See, also, Gordon et al. v. Hemphill et al. (Tex.Civ. App.) 80 S.W.(2d) 394, and authorities cited.

The testimony fails to show that Walter R. Allen resided in or had a residence in Ochiltree county; neither does it show that he had or asserted any claim to the frigidaire or had possession thereof.

The alleged conditional sales contract upon which appellee seeks to recover title and possession of the frigidaire is but a chattel mortgage. Article 5489, R.C.S.

If the petition is considered to determine the character of the suit, it discloses that the action was not for a conversion of the frigidaire, nor for a money judgment against anyone, nor for a foreclosure of the chattel mortgage lien on the machine. It sought only to recover title and possession, and the cause of action if any it has on which it could recover is not alleged. In Joseph W. Moon Buggy Co. v. Moore-Hustead Co. et al. (Tex.Civ.App.) 196 S. W. 328, 329, the court says: "The plaintiff's allegations showed facts which entitled it to the possession of the property, not as owner, but as mortgagee. * * * Under the law, as we understand it, appellant could not recover possession of the buggies as owner; but, it being shown that appellant holds a mortgage on the buggies, it would be inequitable to allow the judgment of the lower court to stand, and it will be reversed, and appellant allowed to amend and. allege the proper grounds for relief and upon which it is

entitled to recover. Citizens' Bank v. City of Terrell, 78 Tex. 450–461, 14 S.W. 1003." See, also, Mathes et al. v. Huey-Philp Hardware Co. (Tex.Civ.App.) 22 S.W.(2d) 1073.

In view of the allegations in the controverting affidavit, proof that appellant had taken possession of and removed the frigidaire from Ochiltree to Potter county is in our opinion insufficient to authorize the maintenance of the suit in the county where it was instituted. Compton v. Elliott, 126 Tex. 232, 88 S.W.(2d) 91; Gordon et al. v. Hemphill, supra.

The record discloses that appellee may both plead and prove a cause of action and may also show a right to maintain venue in Ochiltree county.

Because it is obvious that the record was not developed, we. have concluded to reverse and remand the judgment. Dillingham v. Cavett (Tex.Civ.App.) 91 S.W.(2d) 868, 869; Maytag Southwestern Co. et al. v. Rupert et al. (Tex.Civ.App.) 95 S.W. (2d) 728.

Judgment reversed and the cause remanded.