## CHOATE v. WADE.

### No. 6580.

Court of Civil Appeals of Texas.
Texarkana.

June 14, 1951.

Beard & Flock, Tyler, for appellant.
Bean & Ford, Kilgore, for appellee.

HALL, Chief Justice.

This is an appeal from an order of the County Court of Gregg County, overruling appellant's plea of privilege to be sued in Smith County, his residence.

Appellant asserts that the trial court erred in holding that appellee by the mere introduction of the sworn account against appellant proved a bona fide cause of action against the defendant, Citizens State Bank & Trust Company of Kilgore, Texas. Appellant also asserts that the trial court erred in overruling appellant's plea of privilege because appellee neither alleged nor proved any ground to sustain venue in Gregg County as against appellant under any Subdivision of Article 1995, Vernon's Ann.Civ.St. These points will be discussed together.

Appellee instituted suit in the County Court of Gregg County against appellant, a resident of Smith County; Citizens State Bank & Trust Company of Kilgore, Gregg County; and United States Fidelity & Guaranty Company, doing business in Gregg County, Texas. In the alternative the same cause of action was alleged against Mary Elmore, both individually and as administratrix of the estate of U. G. Elmore, deceased. It will not be necessary to take into account appellee's alternative plea in our discussion here. Attached to appellee's petition is a sworn account of goods sold to appellant, Choate, from July 2, 1949, to July 22, 1949. Appellee alleged that "Lee Wade at the special instance and request of defendant (appellant) Milo Choate sold and delivered to defendant for himself and on behalf of the Citizens State Bank & Trust Company" the goods forming the basis of the sworn

account. Appellee seeks attorney's fees in the sum of $250.00. The sworn account attached to appellee's petition begins:

"East Texas Paint & Glass Company
P. O. Box 1298
Kilgore, Texas."

And is addressed to—
"Mr. Milo J. Choate,
Tyler, Texas."

Then follows the list of merchandise delivered to Milo J. Choate by appellee. Nowhere in this sworn account does it appear that the merchandise was sold and delivered to the resident defendant, Citizens State Bank & Trust Company of Gregg County, or to appellant and Citizens State Bank & Trust Company. The appellant seeks to hold the venue of this case in Gregg County under Sec. 4 of Art. 1995, Vernon's Annotated Civil Statutes. Perhaps the leading case in Texas construing Sec. 4 of Art. 1995 is Stockyards National Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300. Under the holding in that case it is incumbent upon one seeking to hold venue in the county where suit is brought, to allege and prove a cause of action against the resident defendant. That case has now become the settled law of this state and has been followed consistently since its rendition. See also Hammonds v. Houston Electric Co., Tex.Civ.App., 169 S.W.2d 765; Borger v. Hazelwood, Tex.Civ.App., 199 S.W.2d 223 and cases there cited. Thus it was incumbent upon appellee to prove a bona fide cause of action against Citizens State Bank & Trust Company of Gregg County, where suit was filed. This was not done, but on the contrary a bona fide cause of action was proved against appellant, a resident of Smith County. Under such state of facts it was error for the court to overrule the plea of privilege. We will not reverse and render this case but instead will reverse and remand for further development of the facts. Jackson v. Hall, 147 Tex. 245, 214 S.W.2d 458.

Accordingly, the judgment of the trial court is reversed and the cause remanded for further hearing.

Reversed and remanded.