**B. G. GILLEY, Appellant,**

v.

**Joyce MORSE et al., Appellees.**

No. 16294.

Court of Civil Appeals of Texas.

Dallas.

Jan. 24, 1964.

Rehearing Denied Feb. 21, 1964.

Ramey, Brelsford, Hull & Flock, Jack W. Flock, Tyler, for appellant.

Locke, Purnell, Boren, Laney & Neely and John D. Crawford, Burnett & Cruce and Eugene L. Smith, Dallas, for appellees.

DIXON, Chief Justice.

This is an appeal from an order overruling two pleas of privilege, both filed by appellant, B. G. Gilley.

Joyce Morse and two minor children, plaintiffs in the trial court, appellees here, brought suit in Dallas County against Olen Lee Welk and Olen Dee Welk, defendants in the trial court, but also appellees here, for $46,100 for personal injuries resulting from a collision of motor vehicles alleged to have occurred in Dallas County, Texas.

The two Welks, defendants, thereafter filed a third party action against B. G. Gilley, appellant here, alleging that Gilley had rented a defective trailer which was being towed by defendants Welk and that the defective trailer was the cause of the collision.

Gilley, a resident of Tyler, Smith County, Texas, filed a plea of privilege asking that the Welks' suit against him be transferred to Smith County for trial.

Thereafter Joyce Morse and the two children filed an amended petition in which B. G. Gilley was named as a party defendant.

Appellant B. G. Gilley filed another plea of privilege, this plea asking that the Morses' suit against him be transferred to Smith County for trial.

The plaintiff Joyce Morse et vir and the defendants Welk filed controverting pleas alleging that venue should remain in Dal-

las County under Exceptions 4 and 9a of Art. 1995, Vernon's Ann.Civ.St.

At the hearing on the two pleas of privilege no evidence was introduced. However, the attorneys for the plaintiffs Morse and the defendants Welk in open court entered into an oral agreement in behalf of their clients whereby "for this hearing only, and without prejudice to contrary positions on the trial on the merits, and only for venue purposes" it was stipulated that "the defendants Welk are residents of Dallas County, Texas, and that *the plaintiff Morse does have a prima facie case against the resident defendant Welk—both Welks.*" (Emphasis ours.)

Appellant B. G. Gilley attacks the order overruling his pleas of privilege in three points on appeal: (1) appellees Morse failed to prove by competent evidence that they had in fact a bona fide cause of action against the Welks, the resident defendants; (2) the stipulation entered into between the plaintiffs Morse and the defendants Welk, to which appellant Gilley was not a party, was not sufficient to establish venue as to Gilley in Dallas County under Exception No. 4 of Art. 1995, V.A.C.S.; and (3) no competent evidence was offered establishing the existence of any exception under Art. 1995, V.A.C.S.

We agree with appellant. Under Exception No. 4 of Art. 1995, V.A.C.S. it is necessary for a plaintiff to (a) allege and prove that one of the defendants resides in the county of suit; (b) allege a joint cause of action against the defendants or a cause so intimately connected with the cause of action against the nonresident defendant that the two may be joined to avoid a multiplicity of suits; and (c) allege and prove that he has in fact a bona fide cause of action against the resident defendant. King v. Jones, Tex.Civ.App., 307 S.W.2d 851; Fester v. Locke, Tex. Civ.App., 285 S.W.2d 239; Choate v. Wade, Tex.Civ.App., 241 S.W.2d 254; Stockyards National Bank v. Maples, 127 Tex. 633, 95

S.W.2d 1300; Caprito v. Weaver, Tex.Civ. App., 77 S.W.2d 595.

The stipulation entered into between plaintiffs Morse and defendants Welk is not binding on appellant Gilley. He was not a party to the stipulation. In fact, he objected and protested against the stipulation so far as he was concerned. Willis v. First National Bank of Burkburnett, Tex.Civ. App., 262 S.W. 851; Grant v. Hill, Tex. Civ.App., 30 S.W. 952; 83 C.J.S. Stipulations § 14, p. 35. The stipulation to which he was not a party cannot deprive him of his right to be sued in the county of his residence. It follows that the Morses and the Welks, all of whom occupy the position of plaintiffs as to appellant Gilley, have failed to prove so far as Gilley is concerned that the plaintiffs Morse have a bona fide cause of action against the Welks, the resident defendants.

In support of their contention appellees cite the recent case of Wood v. Self, Tex. Civ.App., 362 S.W.2d 188, decided by this court. The Self case is not in point here. The stipulation in the Self case was entered into by all the parties to the suit, including appellant. Having agreed to the stipulation, appellant in the Self case was bound by it.

As to Exception 9a of Art. 1995, V.A.C.S., no evidence by stipulation or otherwise was offered to prove that any act or omission of negligence occurred in Dallas County where suit was filed. The pleadings of the parties cannot be accepted as evidence to establish such fact.

Appellees in their brief state that the only harm to appellant is the deprivation of his right to be sued in Smith County. We point out that it has often been held that a defendant's right to be sued in the county of his residence is a valuable right and a litigant may not lightly be deprived of the right. Tatum v. Home Improvement Loan Co., Tex.Civ.App., 300 S.W.2d 215; Goodrich v. Superior Oil Co.,

150 Tex. 159, 237 S.W.2d 969; Gunstream v. Oil Well Remedial Service, Tex.Civ.App., 233 S.W.2d 897.

Appellant's three points on appeal are sustained.

The judgment of the trial court is reversed and judgment is here rendered sustaining appellant's pleas of privilege. The case will be remanded to the trial court with instructions to transfer the causes of action against appellant B. G. Gilley to Smith County, Texas for trial.

Reversed and rendered.