**COMMERCIAL STANDARD INSURANCE COMPANY, Appellant,**

v.

**Billy J. NUNN, Appellee.**

No. 7957.

Court of Civil Appeals of Texas.

Texarkana.

Sept. 16, 1969.

Rehearing Denied Oct. 14, 1969.

Royal H. Brin, Jr., Strasburger, Price, Kelton, Martin & Unis, Dallas, James R. Hubbard, James Haltom, Wheeler, Watkins, Hubbard, Patton & Peek, Texarkana, for appellant.

Harry Friedman, Harkness, Friedman & Kusin, Texarkana, for appellee.

CHADICK, Chief Judge.

This is a venue case. Billy J. Nunn sued Commercial Standard Insurance Company, a Texas corporation, in a district court of Bowie County, Texas, to enforce an arbitration award. The insurance company's plea of privilege to be sued in Tarrant County was overruled by the trial court. The judgment of the trial court is reversed and the case is remanded for new trial of the venue issues.

The proven facts and circumstances in the case are relied on by appellee Nunn to support venue in Bowie County under the provisions of Tex.Rev.Civ.Stat.Ann. art. 1995 subdiv. 23 (1964). It is undisputed that the insurance company is a Texas corporation. Appellee Nunn attempted to avail himself of the prerogatives of a suit in Bowie County by establishing from a preponderance of the evidence: (1) that he, (Nunn), had a cause of action; (2) that he resided in Bowie County when his claim arose, that is, when the arbitration award was made; and (3), that the insurance company had an agent or representative in Bowie County when the suit was filed or at the time of hearing. Proof

of such venue facts by a preponderance of the evidence to the satisfaction of the trial judge would have entitled Nunn to maintain his suit in Bowie County. See text and numerous cases cited in the footnotes to 1 McDonald Texas Civil Practice Venue, Sec. 4.30.3–(II). Compliance with the first and second of these prerequisites to venue in Bowie County is at issue in this appeal. The appellant insurance company asserts that Nunn failed to prove a cause of action and failed to prove that he resided in Bowie County when his claim, or a part thereof, arose.

Billy J. Nunn testified that he was a resident of Bowie County on May 21, 1969, the date of the plea of privilege hearing; but no evidence was tendered showing his residence when his claim arose. The arbitration award sought to be enforced bore date February 11, 1969. The record contains nothing pertinent to the issue of Nunn's residence at the time of the award; when his son, Billy Wayne Nunn, was killed, August 23, 1968, he was a resident of Cass County, and when the automobile insurance policy figuring in the lawsuit was issued, January 10, 1968, he was a resident of Lamb County, Texas. Appellee Nunn simply failed to prove that he resided in Bowie County, if he did, when his claim, or a part thereof, arose. Reversal of the case is inescapable.

■ It would not be necessary to comment upon appellee's failure to prove a cause of action but for the necessity of determining whether or not this court should order a remand for trial of the venue issues in Bowie County or a remand requiring the case to be transferred to Tarrant County. Appellee argued at submission that appellant had had an opportunity to fully develop his case, and that the evidence showed the insurance company did not agree to arbitration and that this court's order should transfer or direct the case transferred to Tarrant County.

In order to plead an action to enforce an arbitration award all facts necessary to create an obligation must be alleged, that is, the plaintiff must allege an agreed submission of the parties' dispute to arbitration, a valid award based on the submission, and a breach or failure to comply with the award. The party pleading such action must support the pleadings with evidence. See 5 American Jur. (2) Arbitration and Award, Sec. 155 and 156. Thus, in order to make a prima facie case appellee Nunn had the burden of offering satisfactory proof to establish an award unimpeachable on its face, made pursuant to an agreement of the parties, which the insurance company refused to honor. There is a hiatus in proof. The evidence and the inferences and presumptions therefrom was not sufficient to show the insurance company agreed, after a dispute arose, to an arbitration of the dispute. Compliance with Tex.Rev.Civ.Stat.Ann. art. 224 (1959) does not appear.

An inspection of the entire record shows that the case was not fully developed. Though there is evidence that the insurer did not agree to the arbitration, the evidence in that respect is not conclusive, and fuller development of the facts is warranted in the interest of justice. Jackson v. Hall, 147 Tex. 245, 214 S.W.2d 458 (1948) controls; see also 60 Tex.Jur. (2) Venue Sec. 248. The judgment of the trial court is reversed and the case remanded.

## ON MOTION FOR REHEARING

DAVIS, Justice.

I dissent. This is a venue case supposedly on an arbitration award. It seems that the "American Arbitrators Association, Administrator", appointed Hon. R. L. Whitehead, Sr., Attorney at Law, Longview, Texas, as the sole arbitrator. He entered an arbitration award for the total sum of $9,500.00. This suit is to recover the amount of the arbitration award. This mode of arbitration is not in keeping with the Civil Statutes of the State of Texas.

It is the writer's thinking that when two people have a dispute and want to submit it to arbitration, they must "sign" an "agreement" to submit the matter in controversy to a board of arbitrators. This written contract usually provides for each side to appoint one member of the Board of Arbitrators, and further provides that these two shall appoint a third member; or, provides that a district judge appoint the third member. Art. 224 and Art. 225, T.R.C.S. If the written contract to arbitration does not provide a method for appointing arbitrators, then a district judge shall appoint them. Art. 226, T.R.C.S.

The action of a majority of the arbitrators may be enforceable unless otherwise provided by the written contract. Art. 227, T.R.C.S. In the hearing before the Board of Arbitrators, the testimony and evidence offered may be taken down by a court reporter. Arts. 228, 229 and 230, T.R.C.S. After the arbitrators' award is made, the suit shall be to enforce the arbitrators' award. The pleadings in the trial court should set out all of the facts of the arbitration, and the award. The judge before whom the arbitration is to be confirmed shall confirm the award, unless within the time limits provided by statutes, the judge of the trial court shall confirm the award, or the opposing parties urge specific grounds for vacating or modifying or correcting the award. Art. 236, T.R.C.S.

Upon application of either party, the court shall vacate the award where it was procured by corruption, fraud or other undue influence, etc. Art. 237, Sec. A, (5) reads as follows:

"Sec. A. Upon application of a party, the court shall vacate an award where:

" * * *

"(5) There was no arbitration agreement and the issue was not adversely determined in proceedings under Article 225 and the party did not participate in the arbitration hearing without raising the objection; * *"

In this case, there was not any arbitration award made according to the Texas Civil Statutes.

It is the thinking of this writer that when a written contract has been entered into to arbitrate a dispute and the Board of Arbitrators has made its award, the court before whom the arbitration is submitted for confirmation is limited to the evidence that was offered before the Board of Arbitrators.

There are other forms of arbitration between employers and employees, in which case the statute requires five arbitrators.

Furthermore, it is the belief of this writer that even if an arbitration agreement had been signed and filed as provided by statutes, that the appellant could withdraw from the arbitration after the supposed arbitration award was made at any time before judgment was entered against it. Our arbitration statutes are not mandatory.

One cannot contract contrary to our statutes. If such were true, two people could enter into a written contract to "shoot-craps", file it with the justice of the peace and go into any public place and have a crap game and they would not be guilty of gambling. Regardless of the contract in the insurance policy in this case, our Texas statutes provide that there must be three arbitrators appointed in keeping with the provisions of our Civil Statutes.

I would reverse the judgment of the trial court and order it transferred to the District Court of Tarrant County, Texas.