RUBENSTEIN FOODS, INC., Appellant,

v.

WINTER GARDEN, INC., Appellee.

No. 1531.

Court of Civil Appeals of Texas,
Corpus Christi.

Oct. 11, 1979.

Ronald L. McKinney, Hoppenstein & Prager, Dallas, for appellant.

Thomas G. Sharpe, Jr., Brownsville, for appellee.

## OPINION

NYE, Chief Justice.

This is a plea of privilege case. Plaintiff, Winter Garden Inc., filed suit against defendants, Rubenstein Foods, Inc., (Rubenstein) and Dionicio Galvan, Jr., (Galvan), to recover damages for the alleged theft and conversion by defendants of 2,700 pounds of shrimp which had been stored in plaintiff's warehouse. Only defendant Rubenstein filed a plea of privilege, which was overruled by the trial court. Rubenstein appeals.

Plaintiff alleged in substance that: 1) 54 cases of frozen shrimp which plaintiff was holding for the account of Toyomeka (America) Inc., had been stolen; 2) Galvan had repackaged the stolen shrimp; 3) on or about March 8, 1978, Rubenstein purchased the shrimp (then located in the Tex-Mex Warehouse in Brownsville, Texas) from Galvan; 4) prior to this sale, Rubenstein was on notice that 54 cases of frozen shrimp had been stolen from plaintiff and that Galvan did not have title to the shrimp that he sold to Rubenstein; and 5) that the fair market value of the stolen shrimp was $7,830.00. Plaintiff prayed for the recovery of the value of the stolen shrimp, exemplary damages and reasonable attorney's fees.

Galvan filed a general denial. Rubenstein filed a general denial subject to a plea of privilege which alleged venue to be in Dallas County, the county of its corporate residence. Plaintiff controverted Rubenstein's plea of privilege and alleged that venue was proper in Cameron County, under Subdivision 4 of Article 1995.

Prior to the venue hearing, plaintiff and Galvan stipulated to certain facts which were then dictated into the record at the venue hearing: 1) "[I]n January of 1978, Dionicio Galvan, Jr., was a resident of Brownsville, Cameron County, Texas, and is today a resident of Brownsville, Cameron County, Texas; " and 2) "[I]n the month of January 1978, Dionicio Galvan, Jr., sold shrimp to Rubenstein Foods, Inc." The trial court heard testimony from William M. Carmichael, the General Manager of Winter Garden, and received into evidence various business records pertaining to the plaintiff's business. After the hearing, the trial court overruled Rubenstein's plea of privilege without filing findings of fact or conclusions of law.

■ Under Subdivision 4 of Article 1995, where there are resident and non-resident defendants, it has long been the rule that in order to maintain venue in the county of the resident defendant, the plaintiff is required to: 1) plead and prove that one of the defendants is a resident of the county of suit; 2) plead and prove a cause of action against the resident defendant; and 3) allege a joint cause of action against the non-resident defendant or a cause of action against the resident defendant which is so intimately connected with the cause of action against the non-resident defendant

that both defendants are properly joinable to prevent a multiplicity of suits. Proof of this connection between the resident and non-resident defendants is supplied by the allegations in the plaintiff's petition. *Stockyards Nat. Bank v. Maples*, 127 Tex. 633, 95 S.W.2d 1300 (1936); *Pinney v. Cook*, 558 S.W.2d 33 (Tex.Civ.App.—Corpus Christi 1977, no writ); *Heldt Bros. Trucks v. Silva*, 464 S.W.2d 931 (Tex.Civ.App.— Corpus Christi 1971, no writ); *Pittsburgh Plate Glass Co. v. Bragg*, 383 S.W.2d 623 (Tex.Civ.App.—Dallas 1964, writ dism'd).

Rubenstein brings forward four points of error in this appeal. In points of error one and two, Rubenstein complains in substance that the evidence was legally and factually insufficient to support the trial court's implied finding that Galvan was a resident of Cameron County. In points of error three and four, Rubenstein complains in essence that the evidence was legally and factually insufficient to support the trial court's implied finding that plaintiff has a cause of action against Galvan.

Because findings of fact were neither requested nor filed, we must presume that the trial court resolved every issue of fact raised by the evidence in plaintiff's favor. We view the evidence in the light most favorable to such findings, disregarding all that is contrary thereto. *Seaman v. Seaman*, 425 S.W.2d 339 (Tex.Sup.1968); *James v. Drye*, 159 Tex. 321, 320 S.W.2d 319 (1959). Plaintiff's theory of the case was presented through the aforementioned stipulations and through the testimony of witness William Carmichael, the General Manager for plaintiff. Carmichael testified that the theft of 54 cases of frozen headed brown shrimp of the 21 to 25 count per pound was discovered on January 3, 1978. The police were summoned and an investigation ensued. Thereafter, on January 6, during the course of the investigation, Carmichael and a police officer visited Tex-Mex Cold Storage, which was located in Brownsville. Carmichael testified that Tex-Mex was then in possession of shrimp which, he concluded from his own observations and from the statements of others, was the same shrimp stolen from the plaintiff's warehouse.

The only evidence that Galvan was a resident of Cameron County was the stipulation to that effect which was read into the record by plaintiff's counsel at the venue hearing. The only evidence which linked Galvan to the stolen shrimp was the circumstantial evidence and that contained in the stipulation: that is, that Galvan had sold shrimp to Rubenstein in January of 1978; that plaintiff's shrimp had been stolen; and Carmichael's conclusion that the shrimp which was being held by Tex-Mex on January 6, 1978, for the benefit of Rubenstein was the same shrimp that had been stolen from plaintiff's warehouse.

Although counsel for Rubenstein pointed out to the trial judge that Rubenstein was not a party to the stipulation, he also stated, "I presume if Mr. Galvan were here today, that is what his testimony would be." Shortly thereafter, in an attempt to obtain clarification of Rubenstein's position, the trial judge specifically asked Rubenstein's attorney what his position was concerning the stipulation. Counsel for Rubenstein answered as follows:

"Your Honor, it is not my stipulation. I have not agreed to the stipulation and *I certainly can't object if (Galvan's attorney) wants to stipulate to those facts to the Court in agreement with (plaintiff's attorney).* Certainly, we are not a party to the stipulation." (Emphasis added.)

Plaintiff relies on the emphasized portion of the above quoted statement to support its contention that Rubenstein waived its right to complain of the stipulation on appeal. Rubenstein, on the other hand, relies upon the remaining portions of this statement to support its contention that it is not bound by the stipulation because it was not a party to the stipulation.

█ It has been generally stated that a stipulation entered into between the plaintiff and one defendant, for the purposes of the venue hearing only, by which they agree that that defendant is a resident of the county of the suit, and/or that plaintiff has a valid claim against the resident de-

**514**

fendant does not bind the non-resident defendant who is not a party to the stipulation. See *LaSorsa v. Burr*, 516 S.W.2d 265, 267 (Tex.Civ.App.—Houston [14th Dist.] 1974, no writ); *Gilley v. Morse*, 375 S.W.2d 569 (Tex.Civ.App.—Dallas 1964, no writ). On the other hand, if all parties to the suit, including the non-resident defendant, enter into the stipulation, the non-resident defendant will also be bound by the stipulation and will not be heard to complain on appeal. See *Wood v. Self*, 362 S.W.2d 188 (Tex.Civ.App.—Dallas 1962, no writ). In *Gilley v. Morse*, 375 S.W.2d 569 (Tex.Civ. App.—Dallas 1962, no writ), the appellate court specifically held that the complaining non-resident defendant could not be bound to a stipulation to which he was not a party, and to which he had, in fact, "objected and protested against the stipulation so far as he was concerned." *Gilley v. Morse*, 375 S.W.2d at 570. See also Rule 11, Texas Rules of Civil Procedure.

 Here, Rubenstein objected to the stipulation on the basis that it had not agreed to the stipulation and that it was not a party to the stipulation. We do not agree that Rubenstein's general acknowledgement to the effect that plaintiff and Galvan were at liberty to enter into a mutually binding stipulation operated to bind Rubenstein. It, therefore, became incumbent upon plaintiff to offer other evidence independent of the stipulation to prove the venue facts necessary to maintain venue in Cameron County. See *LaSorsa v. Burr*, 516 S.W.2d 265 (Tex.Civ.App.—Houston [14th Dist.] 1974, no writ); *Gilley v. Morse*, 375 S.W.2d 569 (Tex.Civ.App.—Dallas 1964, no writ). This plaintiff failed to do, and the trial court erred by considering the stipulations as such.

We conclude after reviewing the entire record, including the stipulated facts, and after indulging every reasonable inference in support of the judgment rendered by the trial court, that the evidence is insufficient to establish all of the necessary venue facts in favor of plaintiff. *Banks v. Collins*, 152 Tex. 265, 257 S.W.2d 97, 100 (1953).

Our disposition of these points of error necessitates that we reverse the trial court's order overruling Rubenstein's plea of privilege. We are of the opinion, after reviewing the entire record in this case, that the case was not fully developed and that the needs of justice would be better served by remanding this venue cause for fuller development of the facts than by ordering it transferred to Dallas County, Texas. See *Jackson v. Hall*, 147 Tex. 245, 214 S.W.2d 458 (1948); *Tijerina v. Nerio*, 497 S.W.2d 72 (Tex.Civ.App.—Corpus Christi 1973, no writ); *Commercial Standard Insurance Company v. Nunn*, 445 S.W.2d 586 (Tex.Civ. App.—Texarkana 1969, writ ref'd, n. r. e.).

Accordingly, the judgment of the trial court is hereby reversed and the cause is remanded for a new hearing on Rubenstein's plea of privilege. REVERSED and REMANDED.