## KINES v. HENDRICKSON.

### No. 2353.

Court of Civil Appeals of Texas. Waco.
July 10, 1941.

Rehearing Denied July 29, 1941.

A. A. Dawson, of Canton, for appellant.

Strasburger, Price, Holland, Kelton & Miller and Mark Martin, all of Dallas, for appellee.

RICE, Chief Justice.

Suit was instituted by Lenard Kines in the District Court of Kaufman County against O. W. Hendrickson, a resident of Dallas County, and Bruce Ryan, a resident of Kaufman County, seeking recovery in damages for personal injuries and property damage alleged to have been suffered by plaintiff in a collision with a truck driven by Ryan, allegedly an employee of Hendrickson, while acting within the scope of his employment. Hendrickson's plea of privilege to be sued in Dallas County, where he resided, was sustained, and plaintiff appeals.

Plaintiff alleged that in July, 1939, while riding his horse and therefrom driving a team of mules hitched to a cultivator on his right-hand side of the road on a highway in Kaufman County, he was run into from the rear by a truck driven by defendant

646

Ryan, and as a result thereof he suffered severe and permanent injuries to his person, as well as damage to his horse, cultivator and mules. Plaintiff further alleged that at the time and place of the collision, defendant, without danger to himself, had time and space to pass plaintiff, on the proper side of the highway, without endangering him or his property; that he nevertheless drove his truck against plaintiff and his property, and in so doing failed to exercise ordinary care in the following respects: In driving his truck at a greater rate of speed than forty miles per hour when the same was loaded in excess of 7,000 pounds; the speed at which Ryan was driving the truck was dangerous and excessive under the circumstances; said truck was being driven without having the same under proper control, and with defective brakes; Ryan failed to turn to his left and avoid hitting plaintiff and his property; failed to keep a proper lookout; failed to apply his brakes, blow his horn or give any warning; that each act of omission and commission constituted negligence, and the proximate cause of plaintiff's damage.

Defendant O. W. Hendrickson filed his plea of privilege to be sued in Dallas county, where he resided. Plaintiff filed his controverting affidavit, adopting the material facts stated in his petition, and alleging he was entitled to maintain this suit in Kaufman county because his cause of action was based upon an unlawful crime, offense and trespass committed in Kaufman County, Texas, by an agent, servant and employee of the appellee while acting within the scope of his employment; that on said occasion and at the time of the filing of this suit and of the controverting affidavit, defendant Ryan was a resident of Kaufman County; that his suit is therefore maintainable in Kaufman County as to both defendants under the provisions of sections 4, 9 and 29a, respectively, of Article 1995, Revised Civil Statutes, Vernon's Ann.Civ.St. art. 1995, subds. 4, 9, 29a.

Plaintiff testified that while he was driving from horseback a team of mules, hitched to a cultivator, on his right-hand side of a bridge over a river on a highway in Kaufman County, Texas, in July, 1939, he was run into from behind by a truck driven by the defendant Ryan and seriously and permanently injured; that at the time there was ample room for a truck to pass him on his left.

The defendant Bruce Ryan testified that, at the time of the collision and at the time of trial, he was a resident of Kaufman County, Texas; that immediately before the collision he was driving a gravel truck in an easterly direction on the highway, following another truck; that he stuck his head out of the left-hand side of his truck in order to see if his left-hand rear tire was flat, and, on looking up, saw that the truck he was following had stopped on the left-hand side of plaintiff's mules and equipment without leaving space sufficient to pass between the truck and plaintiff; that he did not then have sufficient time to stop, although he applied his brakes; that he did not blow his horn; that he could have stopped if he had not looked back; that he hit the cultivator of plaintiff, but did not hit his horse that he knew of. He further testified that at the time of the accident he was engaged in hauling gravel to be used in the construction of a highway; that appellee was the contractor in charge of the work and had employed him and paid him; that he was paid by the load and thirty cents an hour for driving; that the total amount he was paid, including driving time, was $2.75 a load; that this price per load was fixed and did not vary with the time it took him to haul a load; that appellee paid and deducted from his compensation the Social Security tax; that about a month after the accident, and before this suit was filed, appellee took him to Dallas to see and talk to an attorney; that the next day after the wreck appellee's overseer told him to go over and see how plaintiff was getting along; that he then went to see plaintiff as instructed and reported back to the overseer. He testified he was driving his own truck, paid for his own gas, oil, repairs and replacements; that there were two routes between the gravel pit and where the gravel was being delivered; that neither appellee, nor anyone for him, told him which way to go, but left the choice of routes up to him; that he was not told when to go to work or when to quit, nor how many days a week to work; that he could work one day and lay off another; that neither appellee, nor anyone else, directed him as to getting the gravel to the place of delivery; that he had no written contract with appellee.

Appellant contends that since he pleaded a joint cause of action against appellee and his co-defendant Ryan, growing out

of an active trespass committed against plaintiff in Kaufman County by the defendant Ryan, who was at the time of the collision and at the time of trial a resident of Kaufman County, Texas, while said Ryan was a servant and employee of appellee and was then acting for appellee within the scope of his employment, and by a preponderance of the evidence proved a cause of action against the defendant Ryan on the issuable facts of venue, the plea of privilege should have been overruled and the trial court committed error.

No findings of fact nor conclusions of law were filed by the trial court, nor are there any findings of fact set forth in the judgment of the court that would indicate upon what theory the trial court sustained the plea of privilege. The evidence in this case was uncontroverted that while plaintiff was proceeding along the highway in Kaufman County, Texas, on his right-hand side, he was run into from the rear by a truck driven by defendant Ryan and injured; that Ryan, at the time of the collision and at the time of trial, was a resident of Kaufman County, Texas; that while Ryan was following another truck along the highway, and immediately before the collision, he stuck his head out of the left-hand side of his truck and looked to the rear at his left-hand rear tire; that he could have stopped his truck in time to have avoided the collision with plaintiff if he had not looked back.

In a suit on a joint cause of action against two defendants residing in different counties, brought in the county of the residence of one of them, wherein the non-resident defendant files a plea of privilege to be sued in the county of his residence and the plaintiff seeks to sustain venue under exception 4 of Article 1995, it is not incumbent upon the plaintiff, in order to sustain the venue as laid, to prove a cause of action against the nonresident defendant. Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300. Under such circumstances, the burden rests upon plaintiff to plead a joint cause of action against the defendants and to prove that such is the nature of the suit by the proof afforded by the petition; and to prove by independent evidence that the defendant alleged to reside in the county where the suit is pending does in fact reside in such county; and the further fact that plaintiff has a cause of action as alleged against the resident defendant. Stockyards Nat. Bank v. Maples, supra. The plaintiff pleaded a joint cause of action against both defendants, introduced his petition in evidence; and, by independent evidence, established the remaining essential issuable venue facts.

Being of the opinion that the plaintiff discharged the burden imposed on him by law in this case, and that the trial court committed error in sustaining the plea of privilege, the judgment of the trial court is reversed and judgment is here rendered overruling the plea of privilege.