**PITTSBURGH PLATE GLASS COMPANY,**
Appellant,

v.

**Fred BRAGG, Appellee.**

No. 16420.

Court of Civil Appeals of Texas.

Dallas.

Oct. 30, 1964.

Rehearing Denied Nov. 13, 1964.

Bailey & Williams, Dallas, for appellant.

J. Alex Blakeley and Rae Ann Fichtner, Dallas, for appellee.

WILLIAMS, Justice.

Venue action. Fred Bragg, a resident of Dallas County, brought this damage suit in the District Court of Kaufman County, Texas against Pittsburgh Plate Glass Company, a corporation, a resident of Dallas County, and its employee, Q. B. Lucky, a

resident of Kaufman County. Lucky entered his appearance by answer. Pittsburgh Plate Glass Company filed its plea of privilege asserting its right to be sued in Dallas County. Bragg filed a controverting plea wherein he asserted that venue was proper in Kaufman County by virtue of Subdivisions 29a and 4 of Article 1995, Vernon's Ann.Civil St. Following a non-jury hearing the trial court overruled the plea of privilege.

Appellee concedes that Subdivision 29a, Article 1995, V.A.C.S. is not applicable under the facts of this case to hold venue in Kaufman County and appellant's first point is sustained. However, appellee seeks to uphold the judgment of the trial court solely on the basis of Subdivision 4, Article 1995, V.A.C.S. Appellant, in its second and third points, contends that there is no evidence, or the evidence is insufficient, to bring the case within the exception relied upon by appellee. These points require a careful examination of the record as a whole.

Appellant admitted that Lucky was a resident of Kaufman County on May 2, 1962; that on said date he was an employee of Pittsburgh Plate Glass Company; that an accident occurred on May 2, 1962 when a truck belonging to Pittsburgh, and driven by Lucky within the course and scope of his employment for such company, collided with an automobile operated by Bragg; that at the time of said collision Lucky was on a mission for Pittsburgh. Bragg testified that on May 2, 1962 he was driving his automobile to work, traveling North on Hampton Road in Dallas, Texas; that the weather was clear and dry; that his automobile was stopped about fifty to seventy-five feet north of the intersection of Hampton Road and Singleton Boulevard when he was struck from the rear by a truck driven by Lucky. He testified that immediately after the collision the truck driver got out of his truck and told him that he (Lucky) was "in the fault". The force of the impact caused Bragg's automobile to go forward and strike the vehicle which had been stopped in ·front of Bragg. Bragg testified that the automobile in front of him had been stopped waiting to turn to the left and that was the reason his automobile had been at a standstill for approximately a minute prior to the time Lucky struck him from the rear. Bragg again reiterated that Lucky informed him immediately after the accident that the collision was his (Lucky's) fault. Bragg also testified concerning his injuries and damages. Appellant tendered no evidence or made any objection to the admissibility of any of the above evidence introduced by appellee.

■ It is a now familiar rule of law that in order to maintain venue under Subdivision 4, Article 1995, V.A.C.S., where there are resident and non-resident defendants, it is not encumbent upon the plaintiff to prove the cause of action against the non-resident defendant, and he establishes his right to maintain venue where laid by (a) alleging a joint cause of action against the defendants, or a cause of action against a resident defendant so intimately connected with the cause of action alleged against the non-resident defendant that the two may be joined under the rule intended to avoid multiplicity of suits; (b) proving that the resident defendant in fact resides in such county; and (c) proving that the plaintiff has a cause of action against the resident defendant. Stockyards National Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300; Ladner v. Reliance Corp., 156 Tex. 158, 293 S.W.2d 758; Kines v. Hendrickson, Tex. Civ.App., 153 S.W.2d 645; and Kirksey v. Warren, Tex.Civ.App., 348 S.W.2d 33.

■ Appellant concedes that appellee's pleadings are sufficient to constitute a proper joinder of action against all defendants and therefore the sole question is whether appellee sustained his burden of establishing a prima facie cause of action against the resident defendant, Lucky. It is our opinion that appellee did fulfill this burden. It is to be observed that no findings of fact and conclusions of law were filed, and none were requested. Accordingly, the judgment

implies all necessary fact findings in support of the judgment and in seeking to determine whether there is any evidence to support same, and the implied findings of fact incident thereto, it is proper to consider only that evidence most favorable to the issue and to disregard entirely that which is opposed to it. Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S.W.2d 609, 23 A.L.R.2d 1114; Faulk v. Futch, 147 Tex. 253, 214 S.W.2d 614, 5 A.L.R.2d 963; Lamb v. Ed Maher, Inc., Tex.Civ.App., 368 S.W.2d 255; Texas Sanitation Co. v. Marek, Tex.Civ.App., 381 S.W.2d 710.

Appellant earnestly contends that the record presents nothing more than the naked fact that an accident occurred which, in itself, is not evidence of negligence and proximate cause. Rankin v. Nash-Texas Co., 129 Tex. 396, 105 S.W.2d 195; Bart, De Latt & Associates, Inc. v. Knight, Tex. Civ.App., 369 S.W.2d 65. We cannot agree. The evidence both direct and circumstantial goes further than to merely establish the happening of an accident. The appellee testified to facts, related above, which would certainly justify the trial court, sitting as a trier of fact, to believe appellee's allegations that appellant's employee failed to keep a proper lookout, failed to apply his brakes, failed to turn his vehicle to the right to avoid the collision, and was following too close behind another vehicle. Appellant also chooses to completely ignore the undisputed testimony of Lucky wherein he admitted that the collision was his fault.

We have also reviewed the testimony in the light of the rule announced by the Supreme Court in In re King's Estate, 150 Tex. 662, 244 S.W.2d 660, and find that the testimony is sufficient to support the implied findings of the trial court in support of the judgment.

Appellant's points two and three are overruled and the judgment of the trial court is affirmed.

Affirmed.