**The GOODYEAR TIRE & RUBBER COMPANY et al., Appellants,**

v.

**Lonnie B. EDWARDS, Appellee.**

**No. 774.**

Court of Civil Appeals of Texas, Tyler.

Aug. 1, 1974.

Strong, Pipkin, Nelson, Parker & Powers, Charles S. Pipkin, Beaumont, for appellant, Goodyear Tire & Rubber Co.

Vinson, Elkins, Searls, Connally & Smith, B. Jeff Crane, Jr., Francis E. McGovern, II, Houston, for appellant, International Harvester Co.

Vern J. Thrower & Associates, Greg W. Thrower, K. D. Keenan, Houston, for appellee.

MOORE, Justice.

This is a venue case. The plaintiff, Lonnie B. Edwards, filed suit in the First Judicial District Court of San Augustine County, Texas, against defendants, Eugene Edwards, an individual, and George Tackett, an individual, doing business as George Tackett Pulpwood Company, both residents of San Augustine County, Texas; International Paper Company, a foreign corporation; Goodyear Tire & Rubber Company, a foreign corporation, hereinafter referred to as "Goodyear"; and International Harvester Company, a foreign corporation, hereinafter referred to as "Harvester", to recover damages for personal injuries sustained by plaintiff, Lonnie B. Edwards, as the result of an accident occurring in Panola County, Texas, allegedly caused by the negligence of defendant, Eugene Edwards, while operating a pulpwood truck owned by defendant, George Tackett, his employer.

Defendant Goodyear filed a plea of privilege to be sued at its domicile in Harris County, Texas. Defendant Harvester likewise filed a plea of privilege to be sued at its domicile in Harris County, Texas. Plaintiff Lonnie B. Edwards filed a controverting affidavit to each of the foregoing defendants' pleas of privilege alleging that venue was proper in San Augustine County by virtue of Subdivision 4 of Article 1995, Vernon's Ann.Texas St. After a hearing the trial court rendered judgment overruling the plea of privilege of defendant Goodyear and defendant Harvester to which each appellant excepted and duly perfected this appeal. (Harvester also appealed from the order overruling its plea of privilege upon a third party action filed over against it by International Paper Company. This appeal will be discussed later in this opinion.) In the appeal perfected by Goodyear and Harvester, the parties will hereinafter be referred to as they appeared in the trial court.

It is provided in Article 1995, supra, that no person who is an inhabitant of this State shall be sued out of the county in which he has his domicile except as provided for in the statute. The exception relied upon by defendants Goodyear and Harvester to maintain venue at their respective domiciles in Harris County, Texas, is Subdivision 4 of the statute, reading as follows:

> "Defendants in different counties.—If two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides. * * *"

In Harris v. Cleveland, 294 S.W.2d 235 (Tex.Civ.App., Galveston, 1956, dism.), the court, citing the leading case of Stockyards National Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300, stated that Subdivision 4 has been somewhat extended by judicial construction and it is now established that the venue facts thereunder are:

> "(a) the actual residence of one of the named defendants in the county where the suit is brought,
>
> "(b) the existence of a bona fide cause of action against the resident defendant, and
>
> "(c) a pleading alleging a joint cause of action against such resident defendant and the non-resident defendant, or a cause of action against the resident defendant so intimately connected with the alleged cause of action against the non-resident defendant that the two may be joined under the rule intended to avoid a multiplicity of suits."

In that case the court pointed out that the actual existence of a cause of action against the non-resident defendant is immaterial as a venue fact, but that proof of the existence of a bonafide cause of action against the local defendant is indispensable. The principles laid down there are supported by an unbroken line of cases. See Clark, Venue in Civil Actions, Chapter 4, para. 5, p. 20, 1968 pocket supplement, citing cases.

The case of Atlas Roofing Company v. Hall, 150 Tex. 611, 245 S.W.2d 477, 480 (1952), provides considerable insight into the meaning of Subdivision 4, reciting as follows:

"The venue statutes were enacted for the general purpose of giving a person sued the right to litigate a cause of action in the county of his residence, subject to certain exceptions provided for in the statutes. One of the many exceptions provided for thereunder is Subdivision 4 of Article 1995. *An enforcement of the general rule in all cases would result in a multiplicity of suits, creating unnecessary delay and extra costs. It is the policy of the law to avoid such a condition,* and where there is a joint cause of action, the venue will lie in a county where one or more of the defendants reside, if sufficient facts are alleged and proved to make out a case against the resident defendant or defendants, or where as here, if sufficient facts are alleged and proved to make out a case against the resident [defendant or] defendants and the cause of action against the non-resident defendant *is so closely related* to the cause of action against the resident defendants that the two may be joined to avoid a multiplicity of suits. * * *" (Emphasis supplied.)

In the present case there is no dispute as to any of the venue facts except (1) whether plaintiff proved a cause of action against a resident defendant which was a joint cause of action with each of the non-resident defendants, Goodyear and Harvester, or (2) whether the cause of action alleged by the plaintiff against each of the non-resident defendants, Goodyear and Harvester, was so intimately connected that the two may be joined in order to avoid a multiplicity of suits.

In his third amended petition, plaintiff, Lonnie B. Edwards, alleged that at the time of his injury he was repairing a chain saw on the side of a road located on defendant's, International Paper Company's, land, and while so situated, he was crushed by the heavy weight of pulpwood logs which fell from the truck owned by defendant, George Tackett, and which was being operated by defendant, Eugene Edwards, an employee of George Tackett; that the accident resulted from a blowout on the left front tire of the truck, causing the defendant, Eugene Edwards, to lose control of the truck and causing it to swerve into a ditch adjacent to where he was working, dumping large pulpwood logs on him causing severe injuries to his body. It was further alleged that defendant Harvester manufactured the truck and defendant Goodyear manufactured the tire which blew out causing the driver to lose control. Plaintiff further alleged either defendant Goodyear or defendant Harvester mounted the tire on the truck; that whoever mounted the tire caused a metal wrench to be left in the tire between the tube and the inner wall of the tire at the time it was mounted on the wheel; that the inner structure of the tire and the tube were in a defective condition; that the truck involved in the accident had a defective spindle and spindle bolt when manufactured; that due to the presence of the wrench in the tire and due to the defective spindle and spindle bolt, the tire and the truck were in an unreasonably dangerous condition; that at the time of the accident the defective condition of the tire and the defective spindle and spindle bolt on the truck, joined with the negligence of Eugene Edwards, George Tackett and International Paper Company, was a proximate cause of the accident; that there was a concert of action between Goodyear, Harvester and the other defendants; and that there was a community of legal responsibility between Goodyear, Harvester and the other defendants; that the defects in the tire and truck manifested themselves simultaneously with the wrongful acts of the defendants, Eugene Edwards, George Tackett and International Paper Company, thereby proximately causing his injury.

Upon the venue hearing plaintiff offered evidence showing that he suffered injuries

as a result of the accident; that at the time of the filing of the suit and at the time of trial, defendant, Eugene Edwards, was a resident of San Augustine County, Texas; that at the time of the accident the truck owned by George Tackett and driven by Eugene Edwards was overloaded; that the truck involved in the accident had been specially ordered new by George Tackett from Harvester; and that the truck was equipped with Goodyear tires manufactured by Goodyear and were the original tires which had been delivered on the truck when new. Eugene Edwards testified that just before the accident, as he drove down a road maintained and owned by defendant, International Paper Company, he heard a popping sound from the left front tire. He then lost control of the truck which swerved into a ditch at the side of the road and came to a stop. When the truck swerved, a portion of the pulpwood came off of the truck and fell on plaintiff who was working on his saw at the side of the road. Plaintiff produced other testimony showing that shortly after the accident the truck was examined by a mechanic who found that the left front tire was flat and that the left front spindle was cracked; and that the spindle bolt was displaced from the spindle. George Tackett testified that when the tire was "broken down" by a mechanic after the accident, he was present and observed him when he removed a small metal wrench from the tire. He testified that the wrench was located between the tube and the inside wall of the tire and that the tube had the imprint of the wrench on it and had a hole in it.

■ Defendant Goodyear contends that the trial court erred in overruling its plea of privilege because plaintiff failed to discharge his burden of proof to establish that the cause of action alleged against it was in some manner jointly connected with the cause of action alleged and proved against the resident defendants. In this connection Goodyear says that since the cause of action alleged and proved against the resident defendants was based upon negligence and the cause of action alleged against it was based upon liability without fault arising out of the defect in the tire, there are no allegations or proof showing that Goodyear was engaged in the joint operation of the truck causing the injury and therefore Goodyear's liability, if any, to plaintiff is not joint with the resident defendants but is several. Goodyear argues that the cause of action alleged against it of liability without fault is entirely separate and distinct from the cause of action asserted against the resident defendant based upon negligence. Consequently, Goodyear says that since no joint cause of action was alleged or proved, Subdivision 4 is not applicable and venue may not be laid in San Augustine County. Defendant Harvester makes the same argument with reference to plaintiff's allegations against it arising out of the defect in the truck. We are of the opinion that the position taken by both defendants is unsound and must be overruled.

The cause of action asserted against each defendant arises in tort. There was a single occurrence or transaction resulting in a single indivisible injury. In his pleadings plaintiff alleges that the simultaneous wrongful acts of all defendants occurred simultaneously and that each and all of them were the proximate cause of his injuries. The facts surrounding the accident and plaintiff's injuries appear to be common to the causes of action alleged against all defendants.

In Landers v. East Texas Salt Water Disposal Company, 151 Tex. 251, 248 S. W.2d 731 (1952), it was held that the allegations of plaintiff's petition were sufficient to assert a case of joint, as well as several, liability against numerous defendants. In that case the court stated:

" * * * Where the tortious acts of two or more wrongdoers join to produce an indivisible injury, that is, an injury which from its nature cannot be apportioned with reasonable certainty to the individual wrongdoers, all of the wrong-

doers will be held jointly and severally liable for the entire damages and the injured party may proceed to judgment against any one separately or against all in one suit. * * *"

In the case of English v. Murphy, 145 S.W.2d 201 (Tex.Civ.App., Beaumont, 1940, n.w.h.), the court said:

"The rule seems to be well settled that 'if the concurrent negligence of two or more persons combined together results in an injury to a third person he may recover from either or all.' * * * There need be no concert of action between the tortfeasors, it is sufficient if the cumulative effect of their acts is *a single indivisible injury*, which would not have happened but for the concurrence of their acts. * * *" (Emphasis supplied.)

While the last two cases are not venue cases, we think they are applicable in that they explain under what circumstances liability may be said to be joint.

In the present case it is without dispute that plaintiff established a bonafide cause of action against Eugene Edwards, a resident defendant. Plaintiff alleged in his petition that the cause of action against all defendants arose simultaneously; that defendants Goodyear and Harvester each put agencies into motion when they defectively manufactured their products and that these agencies finally came to rest when the defects manifested themselves coincidentally with the negligence of the other defendants at the time of the accident, all of which proximately caused plaintiff's injuries. Under the rules announced by the decisions, we are of the opinion that plaintiff's pleadings sufficiently alleged a joint cause of action against the resident and non-resident defendants and that venue against defendants Goodyear and Harvester was properly laid in San Augustine County, Texas, under Subdivision 4 of Article 1995. Moreover, we believe the plaintiff's pleadings sufficiently show that the cause of action asserted against both Good-

year and Harvester are so intimately connected with the cause of action asserted against the resident defendant that they may be joined to avoid a multiplicity of suits. State Farm Mutual Ins. Co. v. White, 461 S.W.2d 476 (Tex.Civ.App., Tyler, 1970, n.w.h.).

■ We turn now to Harvester's appeal from the order overruling its plea of privilege upon the third party action asserted against it by International Paper Company (hereinafter referred to as the Paper Company). When the Paper Company filed its third party cross action over against Harvester for contribution, Harvester was not a party to plaintiff's suit for damages. In reply to the cross action, Harvester filed a plea of privilege seeking to have venue in the third party action changed to Harris County, the county of its domicile. The Paper Company duly filed its controverting affidavit alleging venue was properly laid under Subdivision 4 of Article 1995, supra. Plaintiff then made Harvester a party defendant by amended pleadings. In response, Harvester filed a plea of privilege to be sued in Harris County which was duly controverted by plaintiff. We have hereinbefore held that venue in the plaintiff's suit against Harvester was properly laid in San Augustine County under Subdivision 4. The trial court rendered judgment on March 6, 1974, overruling Harvester's plea of privilege to the third party action, from which order Harvester appealed.

Harvester now contends that the trial court erred in overruling its plea of privilege to the third party action against it by the Paper Company for the reason that there is no resident defendant to such third party action. Therefore, Harvester contends that Subdivision 4 is not applicable and venue cannot be maintained in San Augustine County. Under the circumstances presented here, we do not believe the general venue statute, Article 1995, is applicable. Nevertheless we have concluded that venue of the cross claim for contribution may be maintained in San Augus-

tine County by reason of the provisions of Article 2212a, Vernon's Ann.Tex.Statutes.

Sec. 2(g) of the foregoing statute which became effective September 12, 1973, provides as follows:

"(g) All claims for contribution between named defendants in the primary suit shall be determined in the primary suit, except that a named defendant may proceed against a person not a party to the primary suit who has not effected a settlement with the claimant."

Section (h) provides that the foregoing section prevails over Article 2212, Revised Civil Statutes of Texas, 1925, and all other laws to the extent of any conflict.

Subdivision 30 of Article 1995 provides as follows:

"Special venue.—Whenever in any law authorizing or regulating any particular character of action, the venue is expressly prescribed, the suit shall be commenced in the county to which jurisdiction may be so expressly given."

 At the time the trial court entered the order overruling the plea of privilege, both Harvester and the Paper Company were named defendants in the primary suit filed by the plaintiff. As we interpret the provisions of Article 2212a, the legislature expressly provided a special venue in all cases where one of the named defendants files a cross claim against another named defendant for contribution. While the statute does not use the word "venue," it provides that such claims "shall" be determined by the same court hearing the primary suit. The statute is phrased in mandatory language. Venue is therefore lodged in the county where the court hearing the primary suit is situated. While there is no precedent for our ruling, we believe that the special venue provisions involved here are somewhat similar to that provided in injunction matters. Article 4656, V.A.T.S.

There appears to be a conflict in the cases decided prior to Article 2212a, with regard to venue in third party actions for contribution under Subdivision 4 of the venue statute. See McDonald, Texas Civil Practice Sec. 4.39; 100 A.L.R.2d p. 687, 715–725, also see dictum in Gillette Motor Transport Co. v. Whitfield, 160 S.W.2d 290 (Tex.Civ.App., Fort Worth, 1942). We are of the opinion that Article 2212a sets the matter to rest insofar as claims for contribution between named defendants are concerned.

The judgment of the trial court is affirmed.