Richard J. LaSORSA et ux., Appellants,

v.

Lorraine BURR, Appellee.

No. 1056.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Nov. 6, 1974.

Gerald H. Buttrill, Miller, Gann & Perdue, Houston, for appellants.

John F. Nichols, Russell H. McMains, Fulbright & Crooker, Robert H. Steelhammer, Weitinger & Steelhammer, Houston, for appellee.

TUNKS, Chief Justice.

This is an appeal from an interlocutory order sustaining a plea of privilege.

Appellants, Richard and Meryl LaSorsa, Harris County residents, filed a petition against Oscar Lee Hickson for damages sustained in an automobile collision which occurred when Hickson's truck ran into the rear of the LaSorsas' automobile on the Katy Freeway near Loop 610. Hickson filed an answer and then brought a third-party action against appellee Lorraine Burr, alleging that the proximate cause of the accident was her slowing down or stopping on the freeway two cars ahead of the LaSorsas' vehicle. The LaSorsas amended their petition adding Burr as a defendant in their cause of action for damages. Appellee Burr filed a plea of privilege and answer stating that she was, and at all times pertinent to the cause of action had been, a resident of Bexar County, Texas, and that no exceptions to exclusive venue in the county of one's residence existed. Appellants, the LaSorsas and Josephine Hickson, Oscar Hickson's widow and substitute defendant and cross-plaintiff, filed controverting affidavits that venue in Har-

ris County was proper because Sections 4, 9a and 29a of Article 1995, Vernon's Tex. Rev.Civ.Stat.Ann. (1964), exceptions to exclusive venue in the county of one's residence, were applicable.

A hearing on the plea of privilege was held, at which time appellants Hickson and LaSorsa announced that they were entering into a stipulation, for purposes of the hearing only, that the LaSorsas had a cause of action under Section 4, Article 1995. Deposition testimony was offered into evidence, and at the close of the hearing the trial court sustained the plea of privilege and ordered the causes of action against Burr transferred to Bexar County. The LaSorsas filed a request for findings of fact and conclusions of law, which the trial court, in its discretion, refused to make. Texas Rules of Civil Procedure, rule 385(e). The LaSorsas and Hickson have perfected this appeal.

Appellants LaSorsa contend that the trial court erred in sustaining Burr's plea of privilege because the pleadings and the evidence establish that venue is properly in Harris County pursuant to Section 4, Article 1995. Appellant Hickson contends that because venue in the LaSorsas' cause of action against Burr is properly in Harris County, venue in Hickson's cross-action against Burr should also be maintained in Harris County in order to avoid a multiplicity of lawsuits. Appellee Burr argues that the trial court properly sustained her plea of privilege because the appellants failed to prove that Oscar Hickson was a resident of Harris County.

■ Since the trial judge declined to make findings of fact and conclusions of law, the judgment sustaining the plea of privilege implies all necessary fact findings to support it. Pittsburgh Plate Glass Company v. Bragg, 383 S.W.2d 623, 625 (Tex. Civ.App.–Dallas 1964, writ dism'd). Therefore, we must affirm unless, upon reviewing the record in the light most favorable to the judgment, we find that appellants established their right to maintain venue in Harris County as a matter of law. *See* Farris v. Kohlmeyer & Company, 476 S.W.2d 432, 434 (Tex.Civ.App.–Houston [1st Dist.] 1971, no writ); Kirksey v. Warren, 348 S.W.2d 33, 36–37 (Tex.Civ.App.–Dallas 1961, no writ).

■ To maintain venue under Section 4 of Article 1995, an express exception to the rule that a defendant must be sued in the county of his residence, the plaintiff must allege and prove three facts: that one defendant resides in the county of suit; that the non-resident defendant is at least a proper party to the cause of action against the resident defendant; and that the plaintiff has a bona fide cause of action against the resident defendant. Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300 (1936, opinion adopted); Kines v. Hendrickson, 153 S.W.2d 645 (Tex.Civ.App.–Waco 1961, no writ); I R. McDonald, Texas Civil Practice § 4.10.2, at 434 (1965). The plaintiff need not prove a cause of action against the nonresident defendant. Ladner v. Reliance Corp., 156 Tex. 158, 293 S.W.2d 758, 762 (1956); Stockyards Nat. Bank v. Maples, *supra* 95 S.W.2d at 1302.

■ To sustain venue in the county of suit, it is incumbent on the plaintiff to plead and prove by independent evidence upon the hearing that one defendant resides in the county of suit. *Id.*; Kines v. Hendrickson, *supra* 153 S.W.2d at 647; I R. McDonald, *supra* at 434. A stipulation entered into between the plaintiff and one defendant, for the purposes of the venue hearing only, by which they agree that the defendant is a resident of the county of suit does not bind the nonresident defendant who is not a party to the stipulation. Gilley v. Morse, 375 S.W.2d 569 (Tex.Civ. App.–Dallas 1964, no writ).

In the case at bar, the appellants LaSorsa offered into evidence in its entirety the deposition of Oscar Hickson taken August 3, 1973. This deposition established the following: that he lived at 5001 Inker,

that the collision occurred in the 7400 block of the Katy Freeway at its intersection with Loop 610, that at the time of the occurrence he was traveling east toward town on his way home from work, and that his home was located two blocks off the Katy Freeway a mile or a mile and a half east of the location where the collision occurred.

The Texas Supreme Court has held that a trial court may take judicial notice of " . . . well known and easily ascertainable geographical facts concerning counties. . . . " Barber v. Intercoast Jobbers & Brokers, 417 S.W.2d 154, 158 (Tex.Sup.1967). See Harper v. Killion, 162 Tex. 481, 348 S.W.2d 521 (1961).

The Courts of Civil Appeals have consistently taken judicial notice that various addresses and locations are within certain counties. In Smith v. Conner, 211 S.W.2d 630 (Tex.Civ.App.–Galveston 1948, no writ), the Court noted that an automobile wreck on Highway 90 (now the Katy Freeway) two miles east of Katy, Texas, occurred in Harris County. In Evans Associated Industries, Inc. v. Evans, 493 S.W.2d 547 (Tex.Civ.App.–Houston [1st Dist.] 1973, writ ref'd n. r. e.), the Court noted that 1617 Fannin, Houston, Texas, is a location in Harris County, despite the fact that it also took judicial notice that Houston extends into three separate counties. In Buckaloo Trucking Co. v. Johnson, 409 S.W.2d 911 (Tex.Civ.App.–Corpus Christi 1966, no writ), the Court took judicial notice that a collision 7/10 of a mile west of Clarkwood on State Highway 44 occurred in Nueces County. In Brown Express Company v. Dieckman, 344 S.W.2d 501 (Tex.Civ.App.–Austin 1961, no writ), the Court noted that an accident 1/8 of a mile south of Rockdale occurred in Milam County.

■ We hold that the appellants established that Oscar Hickson was a resident of Harris County. We can take judicial notice that the intersection of the Katy Freeway and Loop 610, where the collision occurred, is in Harris County. Hickson

testified in his deposition that he lived a mile or a mile and a half east of this location, two blocks off the freeway. We can take notice of the fact that any point within a one and a half mile radius from the intersection of the Katy Freeway and Loop 610 is in Harris County. As the Supreme Court stated in Harper v. Killion, supra 348 S.W.2d at 523: " 'A court cannot blind its eyes to the knowledge of a fact which is notorious throughout its jurisdiction.' " (citation omitted)

■ To show that the non-resident defendant is at least a proper party to the cause of action against the resident defendant, the plaintiff must allege a joint cause of action against the resident and non-resident defendants, or a cause of action against the resident defendant so intimately connected with the cause of action alleged against the non-resident defendant that the two may be joined to avoid a multiplicity of lawsuits. Stockyards Nat. Bank v. Maples, supra 95 S.W.2d at 1302. Proof is supplied by looking to the plaintiff's petition and his controverting affidavit to determine the nature of the suit. Plaintiff need not prove his cause of action against the non-resident defendant by independent evidence. I R. McDonald, supra at 435, 443. See Ladner v. Reliance Corp., supra 293 S.W.2d at 762; Stockyards Nat. Bank v. Maples, supra 95 S.W. 2d at 1302.

In their first amended petition, appellants LaSorsa made the following allegation:

. . . Defendant, LORRAINE BURR, who was . . . driving inbound on the Katy Freeway, ahead of both your Plaintiffs and the Defendant OSCAR LEE HICKSON, caused her vehicle to slow down and/or stop while apparently trying to decide whether to turn off the freeway. The vehicle immediately behind her also came to a stop, as did the vehicle driven by Plaintiffs. The truck driven by the Defendant, OSCAR LEE HICKSON, however, did not and crashed into the rear of your Plain-

tiffs' vehicle with tremendous force and impact. . . . Plaintiffs would show . . . that nothing they did or failed to do on the occasion in question either caused or contributed to this collision. On the contrary, the collision was brought about and proximately caused to occur by the negligence of the aforementioned Defendants.

Plaintiffs also alleged specific acts of negligence on the part of the defendants Burr and Hickson. These allegations were also made in the LaSorsas' controverting affidavit to Burr's plea of privilege.

■ To show that the defendants are properly joined in a tort cause of action, the plaintiff must allege " . . . a concert or unity of design, or acts uniting to produce a single and indivisible injury which would not have occurred but for the concurrence of the defendants' acts, and for the entire consequences of which each is liable." I R. McDonald, *supra* at 437. *See* Landers v. East Texas Salt Water Disposal Co., 151 Tex. 251, 248 S.W.2d 731 (Tex.Sup.1952); English v. Murphy, 145 S.W.2d 201 (Tex.Civ.App.–Beaumont 1940, no writ).

In Goodyear Tire & Rubber Company v. Edwards, 512 S.W.2d 748 (Tex.Civ.App.–Tyler 1974, no writ), the plaintiff alleged that the resident defendant was negligent in the operation of his vehicle and that such negligence proximately caused his injuries. He also alleged that the vehicle and its tires were defective at the time of the accident, making the vehicle unreasonably dangerous so that the non-resident manufacturers of these items should be held strictly liable. The Court upheld the trial court's action in overruling the manufacturers' pleas of privilege, holding that the plaintiff's petition sufficiently stated a joint cause of action against all the defendants, or that the causes of action against the non-resident defendants were so intimately connected with the cause of action against the resident defendant that they should be joined to avoid a multiplicity of lawsuits. *Id.* at 752. *Accord,* Abney

v. DeWald, 228 S.W.2d 297 (Tex.Civ.App.–Eastland 1950, no writ).

In the case at bar, we hold that the appellants LaSorsa have alleged a joint cause of action against the defendants Burr and Hickson, or that the causes of action are so intimately connected that they may be joined to avoid a multiplicity of lawsuits.

The third venue fact, which the plaintiff must plead and prove by independent evidence, is that he has a bona fide cause of action against the resident defendant. Kines v. Hendrickson, *supra* 153 S.W.2d at 647; I R. McDonald, *supra* at 434.

■ Appellees in their brief do not contend that the LaSorsas failed to prove a cause of action against the resident defendant Hickson. At the hearing on appellee Burr's plea of privilege, Hickson's deposition and portions of the LaSorsas' depositions were received into evidence. Their testimony established that Hickson was following the LaSorsas' vehicle too closely and that prior to the collision, he was driving at an excessive rate of speed and was weaving in and out of traffic. There is no testimony contradicting that offered, which showed that Hickson was negligent on the occasion in question and that such negligence was the proximate cause of the LaSorsas' injuries. Therefore, we hold that appellants LaSorsa are entitled to maintain their causes of action against the resident defendant Hickson and the non-resident defendant Burr in Harris County.

■ We also hold that appellant Hickson may maintain her cross-action against appellee Burr in Harris County. Tex. Rev.Civ.Stat.Ann. art. 2212a, § 2(g) (Supp.1974), provides as follows: "All claims for contribution between named defendants in the primary suit shall be determined in the primary suit . . . ." In Goodyear Tire & Rubber Company v. Edwards, *supra,* this statute was held applicable in a factually similar situation. In the primary suit against individuals, manufacturers, and the owner of the property where the alleged acts of negligence oc-

curred, the property owner filed a third-party action against one of the manufacturers for contribution. At the time this action was filed, this manufacturer had not been named as a defendant in the plaintiff's primary suit. However, the plaintiff amended his petition to include the manufacturer/cross-defendant as a defendant in his suit. The manufacturer filed pleas of privilege to both causes of action, and the plaintiff and cross-plaintiff filed controverting affidavits. The Court of Civil Appeals held that in deciding the question of proper venue of the cross-action, Article 2212a was controlling. *Id.* 512 S.W.2d at 753. This statute provides special venue in all cases where one named defendant files a cross-claim against another party who is also a named defendant in the primary cause of action. This statute was drafted in mandatory language and provides that the venue of the cross-action is properly in the county where the court hearing the primary suit resides. *Id.* at 753.

Appellants' points of error are sustained. The judgment of the trial court is reversed and judgment is rendered overruling the plea of privilege of the defendant and cross-defendant, Burr.

Reversed and rendered.