**William Grady WINNINGHAM and Taft Independent School District, Appellants,**

v.

**Stephen Wayne CONNOR et al., Appellees.**

**No. 1011.**

Court of Civil Appeals of Texas, Tyler.

May 26, 1977.

F. Van Huseman, Maddin, White & Brin, Corpus Christi, for appellants.

Fred R. Clark, Joseph L. Segrato, Groce, Locke & Hebdon, John D. Carlos, San Antonio, for appellees.

James B. Langham, San Antonio, for amicus curiae.

DUNAGAN, Chief Justice.

This is an appeal from the order of the trial court overruling appellants', William Grady Winningham and the Taft Independent School District, pleas of privilege to be sued in San Patricio County. Appellees Stephen Wayne Connor and Debbie McNeil controverted the appellants' plea of privilege.

This suit was filed on February 17, 1976, in the 166th Judicial District Court of Bexar County, Texas, by Stephen Wayne Connor for injuries which he allegedly sustained while riding in an automobile driven by Donald McNeil, deceased. The automobile in which appellee Connor was a passenger collided with a Taft Independent School District bus driven by William Grady Winningham, killing Donald McNeil and injuring Wayne Connor. The collision occurred in San Patricio County, Texas. Appellee Connor filed suit against William Grady Winningham, Taft Independent School District and Debbie McNeil in her capacity as temporary administratrix and community

survivor of the estate of Donald McNeil. Shortly thereafter, appellee McNeil filed a cross-action for indemnity or contribution against appellants Winningham and the Taft Independent School District. Subsequently, appellants, Winningham and Taft Independent School District, timely filed pleas of privilege to both the primary claim of appellee Wayne Connor and the cross-action of appellee McNeil. Both appellees Connor and McNeil filed timely controverting pleas relying on Section 4 of Art. 1995, Tex.Rev.Civ.Stat.Ann., and Art. 2212a, secs. 2(g) and (h), Tex.Rev.Civ.Stat.Ann.

A hearing was held on appellants' pleas of privilege. At the close of the hearing, the court entered an order overruling the pleas of privilege in all respects. Winningham and the School District appeal from said order.

Appellants by their three points of error contend that the trial court erred in overruling their pleas of privilege (1) because there was no evidence as required by section 4 of Art. 1995, supra, that Debbie McNeil was a resident of Bexar County at the time this suit was filed, (2) because Art. 2212a secs. (g) and (h) "is not an applicable exception" to appellants' "right to be sued in the county" of their residence; and (3) because "there was no evidence to support a finding of any exception to the general venue rule" under Art. 2212a.

██ Suit involving the same accident here in question was originally filed by Wayne Connor against Winningham and the Taft Independent School District in San Patricio County seeking damages as a result of the school bus and Volkswagen collision. The suit was tried to a jury verdict and finally ended in a non-suit after a motion for new trial was granted. Thereafter Connor instituted this suit in Bexar County.

Subsection 4 of Art. 1995, supra, provides as follows:

"Defendants in different counties. —If two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides.  .  .  ."

In order to come within this exception, a plaintiff has the burden of proving the following venue facts: (1) one defendant resides in the county of suit, (2) the party asserting his privilege is at least a proper party to the claim against the resident defendant, and (3) the plaintiff has a bona fide claim against the resident defendant. *Cage v. Guerra*, 511 S.W.2d 397 (Tex.Civ. App.—San Antonio 1974, no writ); *H.E.B. Food Stores v. Mercado*, 486 S.W.2d 591 (Tex.Civ.App.—Beaumont 1972, no writ). In the case at bar, it is the first of the three venue facts above stated (that one defendant resides in the county of suit) which appellants maintain appellees failed to establish at the plea of privilege hearing.

Appellants argue that Debbie McNeil's residence must be shown at the time the case at bar was filed and that the deposition testimony shows only her residence in Bexar County prior to the date of the filing of this suit.

Appellees contend that Debbie McNeil was shown to be a resident of the county of suit, Bexar County, Texas, at the time the suit was filed.

In preparing for trial in the suit filed in San Patricio County there were certain written depositions taken. Plaintiff-appellee Connor and defendant-appellee McNeil in the present suit agreed that all of the written depositions previously taken may be used in this cause by all parties as though the same were originally taken in this cause. This agreement hereafter will be more fully stated. The appellants, Winningham and the Taft Independent School District, were not parties to the agreement by which testimony from Debbie McNeil was introduced.

Debbie McNeil's attorney testified in person upon the hearing of the plea of privilege that he talked with her the day before by telephone at a San Antonio number and that she informed him that she was not able to come to court as she was in the late stages of pregnancy. She did not testify in person upon the plea of privilege hearing. Appellees rely in part upon the deposition testimony of Debbie McNeil which was read

into evidence at the plea of privilege hearing. This deposition was taken for use in an earlier action filed in San Patricio County, Texas, involving identical parties and arising out of the same automobile accident as the case at bar. Debbie McNeil testified in the deposition above mentioned that she lived at 1515 Mission Road in San Antonio which we judicially know to be in Bexar County, Texas. No objection was made to this testimony being offered and received into evidence. Appellee McNeil's attorney also testified that he had corresponded with her at the address of 1515 Mission Road, San Antonio.

Plaintiffs Wayne Connor and Debbie McNeil by stipulation on file in this cause entered into an agreement permitting the use by such parties of all the written depositions, including Debbie McNeil's deposition, previously taken and used in the former trial of this case in Cause No. 17,080 styled *Stephen Wayne Connor, et al v. Taft Independent School District, et al,* in the District Court of San Patricio County, Texas, and that such depositions could be used in this cause by all parties as though the same were originally taken in this cause under the following agreement: "It is stipulated and agreed by and between counsel and the parties that the depositions may be used in the trial of this case, the same as if the witnesses were present in court and testifying in person." It then was further stipulated and agreed by and between Connor and McNeil "that the depositions may be used in the trial of this case, the same as if the witnesses were present in court and testifying in person . . . that any and all objections to such deposition or any part thereof may be made and urged for the first time when same is sought to be offered in evidence on the trial of this cause whether such objection relates to substance at that time."

■ Even though appellants were not parties to the stipulation and agreement of Wayne Connor and Debbie McNeil by which the deposition testimony of Debbie McNeil was introduced, since they failed to object to the testimony being offered and admit-

ted, which was relevant and admissible, it was before the court for what it is worth. *Beeler v. Harbour,* 116 S.W.2d 927, 933 (Tex.Civ.App.—Fort Worth 1938, writ ref'd n. r. e.); 56 Tex.Jur.2d sec. 160 p. 502.

■ The law is well established in this state that residence once shown presumptively continues. Once appellee McNeil was shown to be a resident of Bexar County, this residence was presumed to continue until appellants showed otherwise, which they did not do. Appellee McNeil's residence was established in her deposition as being in Bexar County; therefore, it is presumed to have continued to be in Bexar County on February 17, 1976, when the instant suit was filed and later on March 5, 1976, when appellee McNeil filed her cross-action against appellants. *Eastex Poultry Co. v. Benefield,* 268 S.W.2d 270, 273 (Tex. Civ.App.—Beaumont 1954, no writ); *Deason v. Bryant,* 263 S.W.2d 801, 805 (Tex.Civ. App.—Beaumont 1953, no writ); *Stone v. Phillips,* 171 S.W.2d 156, 159 (Tex.Civ.App. —Amarillo 1943) affirmed 142 Tex. 216, 176 S.W.2d 932; 21 Tex.Jur.2d Section 13 p. 73.

In view of all the facts and circumstances as disclosed by the record before us, we believe the evidence is sufficient to sustain venue in Bexar County under Subdivision 4 of Art. 1995, supra. Appellants' Point of Error No. 1 is overruled.

■ By Points of Error Nos. 2 and 3 appellants assert that the trial court erred in overruling the pleas of privilege because Article 2212a, Subsections (g) and (h) are not applicable exceptions to a defendant's right to be sued in the county of their residence and there is no evidence to support a finding of an applicable exception to the general venue rule. Article 2212a, Subsections (g) and (h) of the Texas Revised Civil Statutes Annotated provide as follows:

"(g) All claims for contribution between named defendants in the primary suit shall be determined in the primary suit, except that a named defendant may proceed against a person not a party to the primary suit who has not effected a settlement with the claimant.

"(h) This section prevails over Article 2212, Revised Civil Statutes of Texas, 1925, and all other laws to the extent of any conflict."

The above quoted sections of the statute have recently been interpreted by this court in the case of *Goodyear Tire & Rubber Co. v. Edwards*, 512 S.W.2d 748 (Tex.Civ.App.— Tyler 1974, n. w. h.). In the cited case this court held that venue of a cross action for contribution filed by one non-resident defendant against another non-resident defendant must be maintained in the county of suit, because of the specific provisions of Article 2212a, aforesaid. In the *Goodyear* case this court stated, in part, as follows:

"At the time the trial court entered the order overruling the plea of privilege, both Harvester [non-resident cross-defendant] and the Paper Company [non-resident cross-plaintiff] were named defendants in the primary suit filed by the plaintiff. As we interpret the provisions of Article 2212a, the legislature expressly provided a special venue in all cases where one of the named defendants files a cross claim against another named defendant for contribution. While the statute does not use the word 'venue,' it provides that such claims 'shall' be determined by the same court hearing the primary suit. The statute is phrased in mandatory language. Venue is therefore lodged in the county where the court hearing the primary suit is situated."

We further pointed out in the *Goodyear* case that Subdivision 30 of Article 1995 provides as follows:

"Special venue.—Whenever in any law authorizing or regulating any particular character of action, the venue is expressly prescribed, the suit shall be commenced in the county to which jurisdiction may be so expressly given."

It is our opinion that the case now before this court is indistinguishable from the *Goodyear* case and the claims for contribution under Article 2212a must be determined in the primary suit.

■ Having held that proper venue of the claim for contribution is in the primary suit, it is our opinion that the claim for indemnity is likewise to be determined in the same suit. It is clear that where a district court has acquired venue of a suit as to certain claims, other claims arising out of the same transaction and between the same parties, absent any showing that the other claims were brought fraudulently or for any purpose other than to litigate all claims in one suit, are properly before the district court in the primary suit. *Brazos Valley Harvestore Systems, Inc. v. Beavers*, 535 S.W.2d 797, 802 (Tex.Civ.App.—Tyler 1976, writ dism'd); *Parkhill Produce Co. v. Pecos Valley Southern Ry.*, 348 S.W.2d 208 (Tex.Civ.App.—San Antonio 1961) affirmed 163 Tex. 88, 352 S.W.2d 723 (1961); *Baxter v. Wetzel*, 511 S.W.2d 540 (Tex.Civ.App.— El Paso 1974, no writ). This rule is based upon sound logic and is in accord with the well settled principle of avoidance of multiplicity of suits or claims. It is our view that Points of Error Nos. 2 and 3 should likewise be overruled.

The judgment of the trial court is affirmed.