**SOUTHWESTERN ENGINEERING COMPANY et al., Appellants,**

v.

**PHILLIPS PIPE LINE COMPANY et al., Appellees.**

No. 8097.

Court of Civil Appeals of Texas, Beaumont.

April 6, 1978.

Rehearing Denied April 27, 1978.

C. L. Snow, Jr., R. C. Patterson, San Antonio, Max H. Jennings, Houston, for appellants.

R. E. Kelly, Jr., E. H. Brown, Houston, James B. Langham, San Antonio, amicus curiae.

KEITH, Justice.

The appeal is from a summary judgment overruling cross-defendants' plea of privilege. Since we have a confused record, a lengthy statement is necessary in order to place the appeal in proper perspective.

Sandige Construction Company, Inc. ("Sandige") contracted with Fort Bend Telephone Company ("Ft. Bend") to lay a telephone line and its attendant facilities in an underground trench along certain public roads and privately owned lands in Waller County, Texas. Ft. Bend engaged South-

western Engineering Company ("Southwestern") to stake and locate the trench line upon the ground so that Sandige could perform its contract with Ft. Bend.

Southwestern did stake the line for the trench and Sandige was digging the trench on April 3, 1974, when its bulldozer struck a buried high-pressure gas pipeline owned by Phillips Pipe Line Company ("Phillips"). The escaping gas ignited and the bulldozer and certain other equipment of Sandige were destroyed or seriously damaged.

Sandige filed suit in Waller County on March 25, 1976, seeking its property damages and named Phillips and Southwestern and three individuals as defendants alleging that its damages were proximately caused by the joint and several negligence of the defendants. Southwestern and the individual defendants filed their pleas of privilege to be sued in Kendall County, and an answer subject thereto.[1] Phillips filed its answer alleging that Sandige was negligent in certain particulars. With leave of the court, Phillips also filed a counterclaim against Sandige and cross actions against Ft. Bend and Southwestern seeking its damages and also filed an action over against Southwestern seeking indemnity or contribution in the event Sandige prevailed in its action against Phillips.

Southwestern filed its plea of privilege to be sued in Kendall County and Phillips filed its controverting affidavit contending, first, that *Tex.Rev.Civ.Stat.Ann. art. 2212a, §§ 2(g) and (h) (Supp.1978)*, is a statutory determination of venue in that its cross action against Southwestern seeking contribution is proper as both parties are defendants in the "primary suit" filed by Sandige in Waller County.

Alternatively, Phillips invoked subdivisions 9a, 23, and *29a of Tex.Rev.Civ.Stat. Ann. art. 1995 (1964)*. No hearing was held upon the controverting plea; instead, Phillips filed its motion for summary judgment alleging that venue was controlled by *Art. 2212a* and included several citations to cases which we will discuss later. The court granted the motion for summary judgment and overruled Southwestern's plea of privilege. We quote some of the findings of the court incorporated in the judgment.[2]

We have been favored with excellent briefs by the parties as well as one by an amicus curiae[3] but we do not reach the result sought by any interested party. We reverse the judgment of the trial court and remand the cause with instructions for the reasons now to be stated.

Three reported cases have held that *Art. 2212a, §§ 2(g) and (h)* is a statute such as mentioned in *subdivision 30, Art. 1995*. In the first, *Goodyear Tire & Rubber Company v. Edwards*, 512 S.W.2d 748, 753 (Tex.Civ. App.—Tyler 1974, no writ), the court held that "the legislature expressly provided a special venue in all cases where one of the named defendants files a cross claim against another named defendant for contribution. . . . Venue is therefore lodged in the county where the court hearing the primary suit is situated."

In *LaSorsa v. Burr*, 516 S.W.2d 265, 270 (Tex.Civ.App.—Houston [14th Dist.] 1974, no writ), the court reached the same result, saying:

"This statute [*Art. 2212a*] provides special venue in all cases where one named defendant files a cross-claim against an-

---

1. Although Sandige controverted the pleas of privilege filed by Southwestern and the individual defendants, the venue of the "primary" suit between Sandige and Southwestern, et al, has not been determined.

2. "[T]he Court is of the opinion that the records show an absence of any genuine issue of a material fact since venue of Phillips Pipe's cross action for contribution against Southwestern is proper *as a matter of law in Waller County, Texas, where the primary suit* is pending, under Tex.Rev.Civ.Stat.Ann. art. 2212a;

and since venue is proper as to the contribution claim in Waller County, Texas, the venue as to Phillips Pipe's other good faith joinable claims plead against Southwestern is proper as a matter of law in Waller County, Texas, in order to avoid a multiplicity of lawsuits." (emphasis supplied)

3. The same attorney also appeared as *amicus* in *Winningham v. Connor*, 552 S.W.2d 579 (Tex.Civ.App.—Tyler 1977, no writ), to be discussed later in this opinion.

other party who is also a named defendant in the primary cause of action. This statute was drafted in mandatory language and provides that the venue of the cross-action is properly in the county where the court hearing the primary suit resides."

A similar result was reached in *Winningham v. Connor,* 552 S.W.2d 579, 583 (Tex. Civ.App.—Tyler 1977, no writ), where the court, this time speaking through Chief Justice Dunagan, held:

"Having held that proper venue of the claim for contribution is in the primary suit, it is our opinion that the claim for indemnity is likewise to be determined in the same suit."

Phillips urges this triad of cases, along with the *Middlebrook Doctrine,*[4] as supporting the action of the trial court in granting the summary judgment. We accept the law enunciated in the three cases mentioned (*Edwards, Winningham,* and *LaSorsa,* supra), but do not reach the conclusion postulated by Phillips.

■ Under the record which we review, the primary suit is in judicial limbo.[5] We are of the opinion that the venue of the primary suit (*Sandige v. Phillips Southwestern, et al*) must control the venue of the action for indemnity and contribution under the new statute (*Art. 2212a*), and until such determination has been made, a determination of venue of the indemnity action is premature. Sandige alleged that the several defendants sued (*Phillips, Southwestern, et al*) were jointly and severally liable for its damages.

Thus, if Southwestern's plea of privilege in the Sandige "primary" action were to be sustained, the entire suit might be transferred to the domicile of Southwestern under the rationale of *Johnson v. First National*

*Bank of Brenham,* 42 S.W.2d 870, 871 (Tex. Civ.App.—Waco 1931, no writ), quoted with approval in *International Harvester Company v. Stedman,* 159 Tex. 593, 324 S.W.2d 543, 545 (1959). See also *Echols v. Brewer,* 524 S.W.2d 731, 735 (Tex.Civ.App.—Houston [14th Dist.] 1975, no writ), following *Stedman,* supra.

The theory urged upon us by counsel for Phillips would have venue of the indemnity action control venue for the primary suit. We are of the opinion that this is to put the cart before the horse and we reject the contention. At most, Phillips has a cause of action against Southwestern only if Sandige should recover a judgment against it in the primary suit. We do not permit this possible future event to control venue of the primary suit.

■ The trial court never got around to a determination of Phillips' controverting plea of privilege wherein it relied upon several venue exceptions found in *Art. 1995.* It did not hear any evidence nor did it make any factual determination of the rights of the parties under the general venue statute. Instead, from an examination of the pleadings, it granted a summary judgment sustaining Phillips' special plea in bar as to the venue question. We are of the opinion that this constituted error. See *Texas Highway Department v. Jarrell,* 418 S.W.2d 486, 489 (Tex.1967), wherein the Court held:

"Venue cannot be put in issue by pleas to the jurisdiction, pleas in bar, or pleas in abatement, but only by a plea or privilege."

■ Similarly, in order to maintain venue as against a plea of privilege regular upon its face and timely filed, a plaintiff (and that is the position Phillips occupies in this cause) must plead and prove that his cause is within one or more of the excep-

---

4. The doctrine derives its name from the case of *Middlebrook v. David Bradley Mfg. Co.,* 86 Tex. 706, 26 S.W. 935 (1894), based upon the public policy of avoiding a multiplicity of suits.

5. Our problem is further complicated because Phillips invoked the jurisdiction of the United States District Court in Houston seeking to recover its damages and named all of the par-

ties (except the individual defendants) as defendants *before* Sandige filed its state court suit. Counsel has advised us on oral argument that the federal court action is also in judicial limbo since the judge refuses to take any action thereon pending the outcome of the state court proceedings.

tions set out in the general venue statute. *Banks v. Collins*, 152 Tex. 265, 257 S.W.2d 97, 99 (1953); *Guerra v. Texas Employers Insurance Ass'n*, 480 S.W.2d 769, 772 (Tex. Civ.App.—Corpus Christi 1972, no writ). There has been no such hearing and no such proof has been adduced.

The venue in the primary suit has not been determined, and, in view of the delay incident to the disposition of the Sandige controverting plea of privilege, may never be tried. We are unwilling, upon this record, to affirm a judgment fixing the venue of the cross action for contribution prior to a determination of the jurisdiction of the primary action. Accordingly, we are of the opinion that the trial court erred in granting the motion for summary judgment and sustain the third point of error in Southwestern's brief.

The judgment of the trial court is reversed and the cause is remanded with instructions to withhold action upon the controverting plea of Phillips until venue of the primary suit between Sandige and Southwestern, et al, has been determined. The trial court should then enter an order fixing venue as to Phillips' action for indemnity and contribution in the county having venue of the primary suit.

REVERSED and REMANDED with instructions.